Presentment Date:  September 10, 2013 at 10:00 a.m. (Eastern Time)
Objection Deadline:  September 6, 2013 at 4:00 p.m. (Eastern Time)

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, NY 10036
(212) 872-1000 (Telephone)
(212) 872-1002 (Facsimile)
Michael S. Stamer
Sean E. O'Donnell
Sunish Gulati

AKIN GUMP STRAUSS HAUER & FELD LLP
1700 Pacific Avenue
Suite 4100
Dallas, TX 75201
(214) 969-2800 (Telephone)
(214) 969-4343 (Facsimile)
Sarah Link Schultz (admitted *pro hac vice*)

*Proposed Counsel to the Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
:
In re:                                                     :          Chapter 11
:
EXCEL MARITIME CARRIERS LTD., et al.      :          Case No. 13-23060 (RDD)
:
                         Debtors.                          :          (Jointly Administered)
-------------------------------------------------------------x

**NOTICE OF PRESENTMENT OF APPLICATION OF THE**
**OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF EXCEL**
**MARITIME CARRIERS LTD., *ET AL.* TO RETAIN AND EMPLOY AKIN GUMP**
**STRAUSS HAUER & FELD LLP AS COUNSEL, *NUNC PRO TUNC* TO JULY 10, 2013**

**PLEASE TAKE NOTICE** that upon the *Application of the Official Committee of*

*Unsecured Creditors' of Excel Maritime Carriers Ltd., et al. to Retain and Employ Akin Gump*

*Strauss Hauer & Feld LLP as Counsel, Nunc Pro Tunc to July 10, 2013* (the "Application"),

which Application includes the reasons underlying the requested relief, the Official Committee

of Unsecured Creditors (the "Committee") of Excel Maritime Carriers Ltd., *et al.* (collectively,

the "Debtors")[1] intends to present to the Honorable Robert D. Drain, United States Bankruptcy

Judge for the Southern District of New York for signature on **September 10, 2013 at 10:00 a.m.**

**(Eastern Time),** the proposed *Order Authorizing the Official Committee of Unsecured Creditors*

*of Excel Maritime Carriers Ltd., et al. to Retain and Employ Akin Gump Strauss Hauer & Feld*

*LLP as Counsel, Nunc Pro Tunc to July 10, 2013* (the "Order"), attached to the Application as

Exhibit A.

      **PLEASE TAKE FURTHER NOTICE** that any objection to the proposed order must be

(a) filed with the Bankruptcy Court no later than **4:00 p.m. (Eastern time) on September 6,**

**2013** (the "Objection Deadline") and (b) served so as to be actually received by the following

parties by the Objection Deadline: (i) proposed counsel to the Committee, Akin Gump Strauss

Hauer & Feld LLP, One Bryant Park, New York, NY  10036-6745, Attn:  Michael S. Stamer

(MStamer@akingump.com) and 1700 Pacific Avenue, Suite 4100, Dallas, TX  75201-4624,

Attn:  Sarah Link Schultz (SSchultz@akingump.com); (ii) the Debtors c/o Maryville Maritime

Inc., 17 Km of National Rd Athens-Lamia & Finikos St., 145 64 Nea Kifisia Athens, Greece;

(iii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square,

---

[1] The Debtors and the last four digits of their taxpayer identification numbers are as follows: Excel Maritime Carriers LLC (9430), Excel Maritime Carriers Ltd. (2212), Amanda Enterprises Limited (8034), Barland Holdings Inc. (8057), Candy Enterprises Inc. (8053), Castalia Services Ltd. (8055), Centel Shipping Company Limited (0861), Coal Gypsy Shipco LLC (2212), Coal Hunter Shipco LLC (2212), Coal Pride Shipco LLC (2212), Fianna Navigation S.A. (8041), Fountain Services Limited (8054), Grain Express Shipco LLC (2212), Grain Harvester Shipco LLC (2212), Harvey Development Corp. (8048), Ingram Limited (8039), Iron Anne Shipco LLC (2212), Iron Beauty Shipco LLC (2212), Iron Bill Shipco LLC (2212), Iron Bradyn Shipco LLC (2212), Iron Brooke Shipco LLC (2212), Iron Fuzeyya Shipco LLC (2212), Iron Kalypso Shipco LLC (2212), Iron Knight Shipco LLC (2212), Iron Lindrew Shipco LLC (2212), Iron Manolis Shipco LLC (2212), Iron Miner Shipco LLC (2212), Iron Vassilis Shipco LLC (2212), Kirmar Shipco LLC (2212), Liegh Jane Navigation S.A. (8043), Lowlands Beilun Shipco LLC (2212), Marias Trading Inc. (8036), Ore Hansa Shipco LLC (2212), Pascha Shipco LLC (2212), Point Holdings Ltd. (NA), Sandra Shipco LLC (2212), Santa Barbara Shipco LLC (2212), Snapper Marine Ltd. (8051), Tanaka Services Ltd. (8037), Teagan Shipholding S.A. (8045), Thurman International Ltd. (NA), Whitelaw Enterprises Co. (8050), and Yasmine International Inc. (8046).  On August 14, 2013, the Court entered orders dismissing the chapter 11 cases of debtors Minta Holdings S.A. (6499) and Odell International Ltd. (2027).  The address for Excel Maritime Carriers LLC is 777 Westchester Avenue, Suite 101, White Plains, New York USA 10604 and the address for all other Debtors is c/o Excel Maritime Carriers Ltd., 17th KM National Road Athens, Lamia & Finikos Street, 145 64 Nea Kifisia, Athens, Greece.

New York, NY  10036, Attn:  Jay M. Goffman (Jay.Goffman@skadden.com) and Mark A.

McDermott (Mark.McDermott@skadden.com); (iv) the Office of the United States Trustee, U.S.

Federal Office Building, 201 Varick Street, Suite 1006, New York, NY  10014, Attn:  Paul K.

Schwartzberg  (Paul.Schwartzberg@usdoj.gov);  (v)  counsel  to  any  other  official  committee

appointed in these bankruptcy cases; and (vi) counsel to the Steering Committee, Holland &

Knight  LLP,  10  St.  James  Avenue,  Boston,  MA    02116,  Attn:    John  J.  Monaghan

(John.Monaghan@hklaw.com).

**PLEASE TAKE FURTHER NOTICE** that unless a written objection to the proposed

order, with proof of service, is filed with the Bankruptcy Court and a courtesy copy delivered to

the Honorable Robert D. Drain's chambers by the Objection Deadline, there will not be a hearing

and the Order may be signed.

**PLEASE TAKE FURTHER NOTICE** that if a written objection is timely filed, the

Court will notify the Committee and the objecting parties of the date and time of the hearing and

of the  Committee's  obligation  to  notify  all  other  parties  entitled  to  receive  notice.    The

Committee and any objecting parties are required to attend the hearing, and failure to attend in

person or by counsel may result in relief being granted or denied upon default.

Dated: August 20, 2013
New York, New York

By:  _/s/ Michael S. Stamer_____

Michael S. Stamer
Sean E. O'Donnell
Sunish Gulati
AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, NY 10036
(212) 872-1000 (Telephone)
(212) 872-1002 (Facsimile)
mstamer@akingump.com
sodonnell@akingump.com
sgulati@akingump.com

and

Sarah Link Schultz (admitted *pro hac vice*)
AKIN GUMP STRAUSS HAUER & FELD LLP
1700 Pacific Avenue
Suite 4100
Dallas, TX 75201
(214) 969-2800 (Telephone)
(214) 969-4343 (Facsimile)
sschultz@akingump.com

*Proposed Counsel to the Official Committee of
Unsecured Creditors*

Presentment Date: **September 10, 2013 at 10:00 a.m. (ET)**
Objection Deadline: **September 6, 2013 at 4:00 p.m. (ET)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

|  |  |  |
|---|---|---|
| | : | |
| In re: | : | Chapter 11 |
| | : | |
| EXCEL MARITIME CARRIERS LTD., *et al*. | : | Case No. 13-23060 (RDD) |
| | : | |
| Debtors.[1] | : | (Jointly Administered) |

---------------------------------------------------------------x

## APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF EXCEL MARITIME CARRIERS LTD., *ET AL.* TO RETAIN AND EMPLOY AKIN GUMP STRAUSS HAUER & FELD LLP AS COUNSEL, *NUNC PRO TUNC* TO JULY 10, 2013

The Official Committee of Unsecured Creditors (the "Committee") of Excel Maritime

Carriers Ltd., *et al.* (collectively, the "Debtors") respectfully submits this application (the

"Application"), pursuant to section 1103(a) of title 11 of the United States Code (the

"Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules"), for entry of an order, substantially in the form annexed hereto as

Exhibit A, authorizing the Committee to retain and employ Akin Gump Strauss Hauer & Feld

LLP ("Akin Gump") as its counsel in connection with the Debtors' chapter 11 cases, *nunc pro*

---

[1]   The Debtors and the last four digits of their taxpayer identification numbers are as follows: Excel Maritime Carriers LLC (9430), Excel Maritime Carriers Ltd. (2212), Amanda Enterprises Limited (8034), Barland Holdings Inc. (8057), Candy Enterprises Inc. (8053), Castalia Services Ltd. (8055), Centel Shipping Company Limited (0861), Coal Gypsy Shipco LLC (2212), Coal Hunter Shipco LLC (2212), Coal Pride Shipco LLC (2212), Fianna Navigation S.A. (8041), Fountain Services Limited (8054), Grain Express Shipco LLC (2212), Grain Harvester Shipco LLC (2212), Harvey Development Corp. (8048), Ingram Limited (8039), Iron Anne Shipco LLC (2212), Iron Beauty Shipco LLC (2212), Iron Bill Shipco LLC (2212), Iron Bradyn Shipco LLC (2212), Iron Brooke Shipco LLC (2212), Iron Fuzeyya Shipco LLC (2212), Iron Kalypso Shipco LLC (2212), Iron Knight Shipco LLC (2212), Iron Lindrew Shipco LLC (2212), Iron Manolis Shipco LLC (2212), Iron Miner Shipco LLC (2212), Iron Vassilis Shipco LLC (2212), Kirmar Shipco LLC (2212), Liegh Jane Navigation S.A. (8043), Lowlands Beilun Shipco LLC (2212), Marias Trading Inc. (8036), Ore Hansa Shipco LLC (2212), Pascha Shipco LLC (2212), Point Holdings Ltd. (NA), Sandra Shipco LLC (2212), Santa Barbara Shipco LLC (2212), Snapper Marine Ltd. (8051), Tanaka Services Ltd. (8037), Teagan Shipholding S.A. (8045), Thurman International Ltd. (NA), Whitelaw Enterprises Co. (8050), and Yasmine International Inc. (8046).  On August 14, 2013, the Court entered orders dismissing the chapter 11 cases of debtors Minta Holdings S.A. (6499) and Odell International Ltd. (2027).  The address for Excel Maritime Carriers LLC is 777 Westchester Avenue, Suite 101, White Plains, New York USA 10604 and the address for all other Debtors is c/o Excel Maritime Carriers Ltd., 17th KM National Road Athens, Lamia & Finikos Street, 145 64 Nea Kifisia, Athens, Greece.

*tunc* to July 10, 2013.  In support of this Application, Akin Gump submits the declaration of

Michael S. Stamer, a member of Akin Gump (the "Stamer Declaration"), attached hereto as

Exhibit B.  In further support of this Application, the Committee respectfully represents as

follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157

and 1334.  Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a

core proceeding pursuant to 28 U.S.C. § 157(b).  The bases for the relief requested herein are

Bankruptcy Code section 1103(a), Bankruptcy Rule 2014, and Rule 2014-1 of the Local

Bankruptcy Rules for the Southern District of New York (the "Local Rules").

## BACKGROUND

2.      On July 1, 2013 (the "Petition Date"), each of the Debtors filed a voluntary

petition for relief under chapter 11 of the Bankruptcy Code.

3.      Since the Petition Date, the Debtors have continued in possession of their

property and have continued to operate and manage their businesses as debtors in possession

pursuant to Bankruptcy Code sections 1107(a) and 1108.  On July 3, 2013, the Court entered an

order jointly administering these chapter 11 cases pursuant to Bankruptcy Rule 1015(b) for

procedural purposes only [Docket No. 30].

4.      On July 10, 2013 (the "Committee Formation Date"), pursuant to Bankruptcy

Code section 1102, the United States Trustee for the Southern District of New York (the "U.S.

Trustee") appointed the Committee.  The Committee currently consists of five members.[2]  On

---

[2]  The Committee is currently comprised of the following entities: (i) Christiana Trust; (ii) Fidelity Investments; (iii) Kayne Anderson Capital Advisors, L.P.; (iv) Silverback Asset Management, LLC; and (v) Zazove Associates, LLC.

2

the Committee Formation Date, pursuant to Bankruptcy Code section 1103(a), the Committee selected Akin Gump to serve as counsel to the Committee.

5.    In November 2012, an ad hoc committee of certain unaffiliated holders of 1.875% unsecured convertible senior notes (the "Convertible Notes") issued by Excel Maritime Carriers Ltd. pursuant to that certain Indenture dated October 10, 2007 (the "Convertible Notes Indenture") with Deutsche Bank Trust Company Americas ("Deutsche Bank") as indenture trustee (the "Convertible Noteholders' Committee") was formed for the purpose of negotiating a consensual restructuring of certain of the Debtors' debt obligations and retained Akin Gump as its counsel.    Upon formation of the Committee, the Convertible Noteholders' Committee disbanded and released Akin Gump to represent the Committee.    Except for Christiana Trust (which succeeded Deutsch bank as Indenture Trustee and Deutsch Bank), each member (and former member) of the Committee was also a member of the Convertible Noteholders' Committee.[3]    In connection with services rendered prior to the Petition Date to the Convertible Noteholders' Committee, Akin Gump provided services and incurred expenses totaling $514,464.18.    In connection with its pre-petition work for the Convertible Noteholders' Committee, Akin Gump received a total of $327,636.63 from the Debtors.    Akin Gump applied these funds to invoices for services rendered to the Convertible Noteholders' Committee.    Akin Gump has agreed to waive all remaining unpaid fees and expenses associated with services rendered to the Convertible Noteholders' Committee prior to the Petition Date.

6.    From the Petition Date through the Committee Formation Date (the "Pre-Committee Period"), Akin Gump rendered professional services to the Convertible Noteholders' Committee as requested, necessary, and appropriate in furtherance of the interests of the

---

[3] On or about August 1, 2013, Deutsche Bank resigned as indenture trustee under the Convertible Notes Indenture and as a member of the Committee.  Christiana Trust is the successor indenture trustee under the Convertible Notes Indenture.  On August 6, 2013 the U.S. Trustee appointed Christiana Trust to the Committee.

members of the Convertible Noteholders' Committee, including the review and negotiation of

the Debtors' cash collateral motion, to which the Convertible Noteholders' Committee objected

[Docket No. 28], and other first-day applications and motions. For fees and expenses incurred

for the Pre-Committee Period, Akin Gump reserves the right to file an application with the Court

seeking allowance and payment of unpaid fees and expenses for services rendered to the

Convertible Noteholders' Committee during the Pre-Committee Period pursuant to Bankruptcy

Code section 503(b).

## RELIEF REQUESTED

7.      The Committee seeks to employ and retain Akin Gump as its counsel, pursuant to

Bankruptcy Code section 1103(a), effective as of July 10, 2013.

## RETENTION OF AKIN GUMP

8.      The Committee respectfully submits that it is necessary and appropriate for it to

employ and retain Akin Gump to provide, among other things, the following services:

(a)     advise the Committee with respect to its rights, duties and powers in these
        chapter 11 cases;

(b)     assist and advise the Committee in its consultations and negotiations with
        the Debtors relative to the administration of these chapter 11 cases;

(c)     assist the Committee in analyzing the claims of the Debtors' creditors and
        the Debtors' capital structure and in negotiating with holders of claims and
        equity interests;

(d)     assist the Committee in its investigation of the acts, conduct, assets,
        liabilities and financial condition of the Debtors and of the operation of the
        Debtors' businesses;

(e)     assist the Committee in its analysis of, and negotiations with, the Debtors
        or any third party concerning matters related to, among other things, the
        assumption or rejection of certain leases of non-residential real property
        and executory contracts, asset dispositions, financing of other transactions
        and the terms of one or more plans of reorganization for the Debtors and
        accompanying disclosure statements and related plan documents;

(f)     assist and advise the Committee as to its communications to the general
        creditor body regarding significant matters in these chapter 11 cases;

4

(g)     represent the Committee at all hearings and other proceedings before this Court;

(h)     review and analyze applications, orders, statements of operations and schedules filed with the Court and advise the Committee as to their propriety, and to the extent deemed appropriate by the Committee support, join or object thereto;

(i)     advise and assist the Committee with respect to any legislative, regulatory or governmental activities;

(j)     assist the Committee in preparing pleadings and applications as may be necessary in furtherance of the Committee's interests and objectives;

(k)     assist the Committee in its review and analysis of all of the Debtors' various agreements;

(l)     prepare, on behalf of the Committee, any pleadings, including without limitation, motions, memoranda, complaints, adversary complaints, objections or comments in connection with any matter related to the Debtors or these chapter 11 cases;

(m)     investigate and analyze any claims against the Debtors' non-debtor affiliates; and

(n)     perform such other legal services as may be required or are otherwise deemed to be in the interests of the Committee in accordance with the Committee's powers and duties as set forth in the Bankruptcy Code, Bankruptcy Rules or other applicable law.

9.     The Committee believes that Akin Gump possesses extensive knowledge and expertise in the areas of law relevant to these chapter 11 cases, and that Akin Gump is well qualified to represent the Committee in these chapter 11 cases.  In selecting counsel, the Committee sought attorneys with considerable experience in representing unsecured creditors' committees in chapter 11 reorganization cases and other debt restructurings.  Akin Gump has such experience, as Akin Gump is currently representing and has represented official creditors' committees in many significant chapter 11 reorganizations, including the following chapter 11 cases:  In re Allegiance Telecom, Inc.; In re American Commercial Lines LLC; In re ATA Holdings Corp.; In re Bally Total Fitness of Greater New York, Inc.; In re Calpine Corporation; In re Chemtura Corporation; In re Collins & Aikman Corporation; In re Delta Air Lines, Inc.; In

5

re Dynegy Holdings, LLC; In re Exide Technologies, Inc. (2002 filing); In re Flag Telecom Holdings Limited; In re Friendly Ice Cream Corporation; In re Globalstar, LP; In re Hayes Lemmerz, Inc.; In re Heilig Meyers Company; In re Kaiser Aluminum Corporation; In re Kimball Hill, Inc.; In re Loral Space & Communications Ltd.; In re LTV Steel Company, Inc.; In re Magellan Health Services, Inc.; In re Nortel Networks, Inc.; In re Pegasus Satellite Television, Inc.; In re Pierre Foods, Inc.; In re Propex Inc.; In re Quebecor World (USA), Inc.; In re Saint Vincents Catholic Medical Centers of New York; In re Solutia Inc.; In re Tower Automotive, Inc.; In re TOUSA, Inc.; In re Venture Holdings Company, LLC; In re VeraSun Energy Corporation; In re Washington Mutual, Inc.; In re WorldCom, Inc.; and In re XO Communications, Inc.

10.     Because of the extensive legal services that may be necessary in these chapter 11 cases, and the fact that the full nature and extent of such services are not known at this time, the Committee believes that the employment of Akin Gump to provide the services described above and such other services as may be necessary for the Committee to satisfy its obligations to the Debtors' unsecured creditor constituency is appropriate and in the best interests of the Debtors' estates and their creditors.

11.     The Committee requests that all fees and related costs and expenses incurred by the Committee on account of services rendered by Akin Gump in these cases be paid as administrative expenses of the estates pursuant to Bankruptcy Code sections 330, 331, 503(b) and 507(a)(2).  Subject to this Court's approval, Akin Gump will charge for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates in effect on the date such services are rendered, subject to Bankruptcy Code sections 330 and 331.  The current

6

hourly rates charged by Akin Gump for professionals and paraprofessionals employed in its offices are provided below:

| Billing Category | Range |
|---|---|
| Partners | $515 – $1,220 |
| Senior Counsel and Counsel | $455 – $880 |
| Associates | $365 – $700 |
| Paraprofessionals | $145 – $325 |

These hourly rates are subject to periodic adjustments (typically in December of each year) to reflect economic and other conditions.  Akin Gump has informed the Committee that it will (i) provide ten (10) business days' notice to the Committee, the U.S. Trustee, the Debtors and any other statutory committee appointed in these chapter 11 cases  before any increases in the rates set forth the in the Application and the Stamer Objection and (ii) file such notice with the Court.

12.    Akin Gump has advised the Committee that it is its policy to charge its clients in all areas of practice for expenses incurred in connection with the client's case.  The expenses charged to clients include, among other things, photocopying charges, travel expenses, expenses for "working meals" and computerized research.  Akin Gump will maintain detailed records of actual and necessary costs and expenses incurred in connection with the legal services described above.

13.    The names, positions and current hourly rates of the Akin Gump financial restructuring attorneys currently expected to have primary responsibility for providing services to the Committee are as follows:   Michael S. Stamer (Partner – Financial Restructuring Department) – $1,100/hour; Sarah Link Schultz (Partner – Financial Restructuring Department) – $850/hour; Kevin M. Eide (Associate – Financial Restructuring Department) – $650/hour; Jason S. Sharp (Associate – Financial Restructuring Department) – $400/hour.  In addition to the financial restructuring lawyers named above, it will be necessary, during the course of these

7

cases, for other Akin Gump professionals in other legal disciplines to provide services to the Committee.

14.     Akin Gump will apply for compensation and reimbursement of expenses in accordance with the procedures set forth in Bankruptcy Code sections 330 and 331, the applicable Federal Rules of Bankruptcy Procedure, the applicable Local Rules, the guidelines established by the Office of the United States Trustee for the Southern District, and any applicable orders of this Court, including any order establishing interim compensation procedures.

15.     Upon information and belief, Akin Gump does not represent and does not hold any interest adverse to the Debtors' estates or their creditors in the matters upon which Akin Gump is to be engaged, except to the extent set forth in the Stamer Declaration.  Akin Gump is, however, a large firm with a national and international practice and may represent or may have represented certain of the Debtors' creditors, equity holders, related parties or other parties in interest in matters unrelated to these cases.

16.     A draft of this Application was provided to the Office of the United States Trustee for the Southern District of New York before its filing.

**FOREIGN COUNSEL**

17.     The Committee also requests that the Court authorize Akin Gump to retain foreign counsel (each a "Foreign Counsel") to advise the Committee and Akin Gump on certain limited issues relating to (i) disputes between Robertson Maritime Investors, LLC ("Robertson"), (ii) the European Union data protection laws and the way they relate to the Debtors and their foreign non-Debtor affiliates (iii) the validity and perfection of the liens of the Debtors' pre-petition secured lenders.  As a result of the disputes between Robertson and the Debtors involving Christine Shipco LLC ("Christine Shipco"), the sole asset from which the Debtors

8

propose to provide a recovery to the unsecured creditors, the Committee may need to seek guidance from counsel with expertise in the laws of the Marshall Islands, the law governing Christine Shipco's limited liability company agreement.  In addition, the Debtors assert that certain discoverable information relating to this Court's discovery orders is protected from disclosure by certain European Union data protection laws.  As a result, the Committee may need to seek advice from counsel within the European Union regarding such issues.  Finally, in its analysis of the liens of the Debtors' pre-petition secured lenders, the Committee may require the assistance of counsel in other foreign jurisdictions, including Liberia, to determine the validity of such liens.

18.    For these reasons, the Committee requests that the Court authorize Akin Gump to retain foreign counsel, if necessary, for the limited purpose of advising the Committee on issues relating to the interpretation and application of foreign law.  The Committee also requests that Akin Gump be allowed include the fees of such retention in its fee statements and applications to this Court as expenses, up to an amount not to exceed $75,000 per foreign counsel (the "Fee Cap").  Akin Gump will attached copies of any Foreign Counsel's invoices to its fee statements and applications to the Court.  The Committee believes that it is in the best interest of the Debtors' estates to employ such foreign counsel in this manner to avoid the time and expense associated with a separate retention application.  Should a Foreign Counsel's fees exceed the Fee Cap, the Committee will seek formal retention of such Foreign Counsel.

19.    Although the Committee requests that it be excused from submitting a separate retention application for each Foreign Counsel unless its fees exceed the Fee Cap, the Committee recognizes the importance of providing the Court and parties in interest with information regarding each Foreign Counsel's disinterestedness.  To provide this information, the Committee

proposes that no later than thirty (30) days after the retention of a Foreign Counsel, the Foreign

Counsel shall be required to file with the Court and serve a verified statement pursuant to

Bankruptcy Rule 2014, substantially in the form attached to the Proposed Order as Exhibit 1 (a

"Verified Statement"), upon the following parties (the "Notice Parties"):

(a)     the Debtors, c/o Maryville Maritime Inc., 17 Km of National Rd Athens-
        Lamia & Finikos St., 145 64 Nea Kifisia Athens, Greece

(b)     counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, Four
        Times Square, New York, NY 10036, Attn: Jay M. Goffman
        (Jay.Goffman@skadden.com)      and      Mark      A.      McDermott
        (Mark.McDermott@skadden.com);

(c)     the Office of the United States Trustee, U.S. Federal Office Building, 201
        Varick Street, Suite 1006, New York, NY 10014, Attn: Paul K.
        Schwartzberg (Paul.Schwartzberg@usdoj.gov);

(d)     counsel to any other official committee appointed in these bankruptcy
        cases; and

(e)     counsel to the Steering Committee, Holland & Knight LLP, 10 St. James
        Avenue,     Boston,     MA     02116,    Attn:    John    J.    Monaghan
        (John.Monaghan@hklaw.com).

20.     The Committee Further requests that upon receipt of each Verified Statement, the

Notice Parties be given twenty (20) day after service of such Verified Statement to object (the

"Objection Deadline") to the retention of such Foreign Counsel.  Objections, if any, must be

served upon the affected Foreign Counsel, the Notice Parties and Akin Gump on or before the

Objection Deadline.  If any such objection is not resolved within twenty (20) days of service of

such objection, the matter may be scheduled for hearing before the Court at the next regularly-

scheduled omnibus hearing or on such other date otherwise agreeable to the Foreign Counsel, the

Committee, and the objecting party (subject to the Court's availability).  If no objection is served

on or before the Objection Deadline, or if any objection is timely resolved as set forth above, the

Committee requests that, without further order of the Court, the employment, retention, and

payment of the Foreign Counsel be deemed approved *nunc pro tunc* to the date of such Foreign

Counsel's retention.  Akin Gump will not pay any Foreign Counsel's fees or expenses until such

Foreign Counsel's retention be deemed approved in accordance with the foregoing and Akin

Gump has been paid by the Debtors for such fees.  In no event, however, shall Akin Gump be

liable to any Foreign Counsel for unpaid fees or expenses.

## MOTION PRACTICE

21.     This Application includes citations to the applicable rules and statutory authorities

upon which the relief requested herein is predicated, and a discussion of their relevance to this

Application.  Accordingly, the Committee submit that this Application satisfies Local Rule 9013-

1(a).

## NOTICE

22.     Notice of this Application has been given to: (i) the Office of the United States

Trustee for the Southern District of New York; (ii) counsel to the Debtors, Skadden, Arps, Slate,

Meagher, & Flom LLP; (iii) counsel to the Administrative Agent and the Steering Committee,

Holland & Knight LLP; (iv) counsel to Robertson Maritime Investors, LLC, McKool Smith P.C.;

and (v) those parties that have requested notice pursuant to Bankruptcy Rule 2002.  Based on the

foregoing, the Committee respectfully submits that no further notice is needed.

## NO PRIOR REQUEST

23.     No prior request for the relief requested in this Application has been made to this

or any other Court in connection with these chapter 11 cases.


*[remainder of page intentionally left blank]*


11

**WHEREFORE**, the Committee requests that an order, substantially in the form annexed

hereto as "Exhibit A", be entered authorizing the Committee to retain Akin Gump as its counsel

in these cases, *nunc pro tunc* to July 10, 2013, and providing the Committee such other and

further relief as the Court may deem just, proper and equitable.

Dated: New York, New York
      August 20, 2013

> **The Official Committee of Unsecured Creditors of
> Excel Maritime Carriers Ltd., *et al.***
>
> By: Fidelity Investments, solely in its
>     capacity as Chair of the Committee and not in its
>     individual capacity
>
> By: _____
>     Name: Nate Van Duzer
>     Title: Managing Director, Special Situations

12

**EXHIBIT A**
**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
                                                    :
In re:                                              :        Chapter 11
                                                    :
EXCEL MARITIME CARRIERS LTD., *et al*.              :        Case No. 13-23060 (RDD)
                                                    :
            Debtors.[1]                             :        (Jointly Administered)
---------------------------------------------------------------x

### ORDER AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF EXCEL MARITIME CARRIERS LTD., *ET AL*. TO RETAIN AND EMPLOY AKIN GUMP STRAUSS HAUER & FELD LLP AS COUNSEL, *NUNC PRO TUNC* TO JULY 10, 2013

Upon the application dated August 20, 2013 (the "Application") of the Official

Committee of Unsecured Creditors (the "Committee") of Excel Maritime Carriers Ltd., *et al*.

(collectively, the "Debtors") for an order, pursuant to section 1103(a) of title 11 of the United

States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules"), authorizing the Committee to retain and employ the law

firm of Akin Gump Strauss Hauer & Feld LLP ("Akin Gump"), *nunc pro tunc* to July 10, 2013,

and upon the declaration of Michael S. Stamer, a member of Akin Gump, dated August 20, 2013

---

[1] The Debtors and the last four digits of their taxpayer identification numbers are as follows: Excel Maritime Carriers LLC (9430), Excel Maritime Carriers Ltd. (2212), Amanda Enterprises Limited (8034), Barland Holdings Inc. (8057), Candy Enterprises Inc. (8053), Castalia Services Ltd. (8055), Centel Shipping Company Limited (0861), Coal Gypsy Shipco LLC (2212), Coal Hunter Shipco LLC (2212), Coal Pride Shipco LLC (2212), Fianna Navigation S.A. (8041), Fountain Services Limited (8054), Grain Express Shipco LLC (2212), Grain Harvester Shipco LLC (2212), Harvey Development Corp. (8048), Ingram Limited (8039), Iron Anne Shipco LLC (2212), Iron Beauty Shipco LLC (2212), Iron Bill Shipco LLC (2212), Iron Bradyn Shipco LLC (2212), Iron Brooke Shipco LLC (2212), Iron Fuzeyya Shipco LLC (2212), Iron Kalypso Shipco LLC (2212), Iron Knight Shipco LLC (2212), Iron Lindrew Shipco LLC (2212), Iron Manolis Shipco LLC (2212), Iron Miner Shipco LLC (2212), Iron Vassilis Shipco LLC (2212), Kirmar Shipco LLC (2212), Liegh Jane Navigation S.A. (8043), Lowlands Beilun Shipco LLC (2212), Marias Trading Inc. (8036), Ore Hansa Shipco LLC (2212), Pascha Shipco LLC (2212), Point Holdings Ltd. (NA), Sandra Shipco LLC (2212), Santa Barbara Shipco LLC (2212), Snapper Marine LLC (8051), Tanaka Services Ltd. (8037), Teagan Shipholding S.A. (8045), Thurman International Ltd. (NA), Whitelaw Enterprises Co. (8050), and Yasmine International Inc. (8046). On August 14, 2013, the Court entered orders dismissing the chapter 11 cases of debtors Minta Holdings S.A. (6499) and Odell International Ltd. (2027). The address for Excel Maritime Carriers LLC is 777 Westchester Avenue, Suite 101, White Plains, New York USA 10604 and the address for all other Debtors is c/o Excel Maritime Carriers Ltd., 17th KM National Road Athens, Lamia & Finikos Street, 145 64 Nea Kifisia, Athens, Greece.

(the "Stamer Declaration"); and it appearing that the partners, counsel and associates of Akin

Gump who will perform services on behalf of the Committee in these chapter 11 cases are duly

qualified to practice before this Court; and the Court finding, based on the representations made

in the Application and the Stamer Declaration, that Akin Gump does not represent any interest

adverse to the Committee and/or the Debtors' estates with respect to the matters upon which it is

to be engaged, that it is a "disinterested person," as that term is defined in Bankruptcy Code

section 101(14), as modified by Bankruptcy Code section 1107(b), that its employment is

necessary and in the best interests of the Committee and the Debtors' estates; and finding that

adequate notice of the Application having been given; and it appearing that no other notice need

be given; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED THAT:**

1.      The Application is approved in its entirety.

2.      In accordance with Bankruptcy Code section 1103(a) and Bankruptcy Rule

2014(a), the Committee is hereby authorized and empowered to employ and retain the firm of

Akin Gump as its counsel, *nunc pro tunc* to July 10, 2013, to represent it in these cases under

chapter 11 of the Bankruptcy Code and such retention is hereby approved.

3.      Akin Gump shall be compensated in accordance with the procedures set forth in

Bankruptcy Code sections 330 and 331, such Bankruptcy Rules and Local Bankruptcy Rules as

may then be applicable from time to time, and such procedures as may be fixed by order of this

Court.

4.      Akin Gump shall (i) provide ten (10) business days' notice to the Committee, the

U.S. Trustee, the Debtors and any other statutory committee appointed in these chapter 11 cases

before any increases in the rates set forth in the Application and the Stamer Declaration and (ii)

file such notice with the Court.

2

5.       Akin Gump is authorized to retain foreign counsel (each a "Foreign Counsel") for the limited purpose of advising the Committee on issues relating to the interpretation and application of foreign law.   Akin Gump is further authorized to include the costs of such retention in its fee statements and applications to this Court as expenses, up to an amount not to exceed $75,000 per Foreign Counsel.  Akin Gump shall attach copies of any Foreign Counsel's invoices for which it seeks payment to its fee statements and applications to this Court.  Should a Foreign Counsel's fees exceed the Fee Cap, the Committee shall seek the formal retention of such Foreign Counsel.

6.       Not later than later than thirty (30) days after the retention of a Foreign Counsel, the Foreign Counsel shall file with the Court and serve a verified statement pursuant to Bankruptcy Rule 2014, substantially in the form attached hereto as Exhibit 1 (a "Verified Statement"), upon the following parties (the "Notice Parties"):

    (a)       the Debtors, c/o Maryville Maritime Inc., 17 Km of National Rd Athens-Lamia & Finikos St., 145 64 Nea Kifisia Athens, Greece

    (b)       counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, NY 10036, Attn: Jay M. Goffman (Jay.Goffman@skadden.com) and Mark A. McDermott (Mark.McDermott@skadden.com);

    (c)       the Office of the United States Trustee, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014, Attn: Paul K. Schwartzberg (Paul.Schwartzberg@usdoj.gov);

    (d)       counsel to any other official committee appointed in these bankruptcy cases; and

    (e)       counsel to the Steering Committee, Holland & Knight LLP, 10 St. James Avenue, Boston, MA 02116, Attn: John J. Monaghan (John.Monaghan@hklaw.com)

7.       Upon receipt of each Verified Statement, the Notice Parties shall have twenty (20) day after service of such Verified Statement to object (the "Objection Deadline") to the retention of such Foreign Counsel.  Objections, if any, must be served upon the affected Foreign Counsel,

3

the Notice Parties and Akin Gump on or before the Objection Deadline.  If any such objection is

not resolved within twenty (20) days of service of such objection, the matter may be scheduled

for hearing before the Court at the next regularly-scheduled omnibus hearing or on such other

date otherwise agreeable to the Foreign Counsel, the Committee, and the objecting party (subject

to the Court's availability).  If no objection is served on or before the Objection Deadline, or if

any objection is timely resolved as set forth above, the Committee requests that, without further

order of the Court, the employment, retention, and payment of the Foreign Counsel be deemed

approved *nunc pro tunc* to the date of such Foreign Counsel's retention.  Akin Gump shall not

pay any Foreign Counsel's fees or expenses until such Foreign Counsel's retention be deemed

approved in accordance with the foregoing and Akin Gump has been paid by the Debtors for

such fees.  In no event, however, shall Akin Gump be liable to any Foreign Counsel for unpaid

fees or expenses.

8.    The Committee is authorized to take all actions necessary to effectuate the relief

granted pursuant to this order in accordance with the Application.

9.    The terms and conditions of this order shall be immediately effective and

enforceable upon its entry.

10.    The Court retains jurisdiction with respect to all matters arising from or related to

the implementation of this order.

Dated: September ___, 2013
New York, New York

_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

4

No objection by the Office of the United States Trustee


*/s/Paul K. Schwartzberg*
Paul K. Schwartzberg
Office of the United States Trustee
201 Varick Street – 1006
New York, NY 10004
Tel: 212 510-0500

**EXHIBIT 1**

**Verified Statement**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------- x
In re:                                         :    Chapter 11
                                               :
EXCEL MARITIME CARRIERS LTD., et al.,          :    Case No. 13-23060 (RDD)
                                               :
                                               :    (Jointly Administered)
                          Debtors.             :
----------------------------------------------------------------- :

**VERIFIED STATEMENT OF [Insert Full Name of Foreign Counsel]**

STATE OF [Insert]                    )
                                     ) ss:
COUNTY OF [Insert]                   )

[AFFIANT], being duly sworn, deposes and says:

I am the [Title] of [Insert Full Name of Foreign Counsel] ("[Insert Foreign Counsel Name Abbreviation]"), which maintains offices at [Insert Foreign Counsel Address].

Except as otherwise provided herein, neither I, [Insert Foreign Counsel Name Abbreviation], nor any employee thereof, insofar as I have been able to ascertain, has any connection with the above-captioned debtors and debtors in possession (the "Debtors"), their creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee, except as set forth in this verified statement.

[Insert Foreign Counsel Name Abbreviation], through myself and other employees of [Insert Foreign Counsel Name Abbreviation], intends to provide certain [Insert General Description of Services] to the Committee with respect to [Fill in General Description Foreign Law that Foreign Counsel will provide to the Committee].

The Committee has requested, and [Insert Foreign Counsel Name Abbreviation] has agreed, to provide services to the Debtors pursuant to section 327 of title 11 of the United States Code (the "Bankruptcy Code") with respect to such matters. Additionally, the Committee has requested, and [Insert Foreign Counsel Name Abbreviation] proposes, to render the following services to the Committee:

**[Insert Specific Services]**

[Insert Foreign Counsel Name Abbreviation]'s current customary rates are [Insert Fee/Rate Scale]. In the normal course of business, [Insert Foreign Counsel Name Abbreviation] revises its regular rates on [Insert Date] of each year and requests that, effective [Insert Date] of each year, the aforementioned rates be revised to the regular rates which will be in effect at that time.

Since, [Insert Date of Foreign Counsel's Retention], the date the Committee retained [Insert Foreign Counsel Name Abbreviation], [Insert Foreign Counsel Name Abbreviation] has provided services to the Committee that have not yet been billed or that have been billed but for which payment has not been received. The value of such services does not exceed $[Insert Amount].

Except as set forth herein, no promises have been received by [Insert Foreign Counsel Name Abbreviation] as to compensation in connection with these chapter 11 cases other than in accordance with the provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules"), and orders of this Court.

[Insert Foreign Counsel Name Abbreviation] has no agreement with any entity to share any compensation received in connection with the services performed in these chapter 11 cases.

2

[Insert Foreign Counsel Name Abbreviation] and its employees may have in the past, currently, and may in the future provide services to entities that are creditors of the Debtors in matters totally unrelated to the matters with respect to which [Insert Foreign Counsel Name Abbreviation] is to be engaged by the Committee.  Neither I, [Insert Foreign Counsel Name Abbreviation], nor any employee thereof, insofar as I have been able to ascertain, however, holds or represents any interest adverse to the members of the Committee, the Debtors or their estates in the matters upon which [Insert Foreign Counsel Name Abbreviation] is to be engaged.

The foregoing constitutes the verified statement of [Insert Foreign Counsel Name Abbreviation] pursuant to Bankruptcy Code sections 329 and 504, Bankruptcy Rule 2014 and Local Bankruptcy Rule 2014-1.


_____
[Name of Affiant]


Sworn to and subscribed before me
this _____ day of
_____, 2013


_____
Notary Public

3

**EXHIBIT B**
**Stamer Declaration**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x
                                          :
In re:                                    :        Chapter 11
                                          :
EXCEL MARITIME CARRIERS LTD., *et al*.    :        Case No. 13-23060 (RDD)
                                          :
          Debtors.[1]                     :        (Jointly Administered)
-------------------------------------------------------------x

## DECLARATION OF MICHAEL S. STAMER

          Under 28 U.S.C. § 1746, I, Michael S. Stamer, declare as follows under penalty of

perjury:

          1.        I am an attorney at law admitted to practice before the state courts of New York,

the state courts of New Jersey and the United States District Courts for the Eastern, Northern and

Southern Districts of New York and the District of New Jersey.  I am a member of the firm of

Akin Gump Strauss Hauer & Feld LLP ("Akin Gump"), which firm maintains offices at, among

other places, One Bryant Park, New York, New York 10036.

          2.        I am familiar with the matters set forth herein and make this declaration

(the "Declaration") in support of the application (the "Application") of the Official Committee of

---

[1]  The Debtors and the last four digits of their taxpayer identification numbers are as follows: Excel Maritime Carriers LLC (9430), Excel Maritime Carriers Ltd. (2212), Amanda Enterprises Limited (8034), Barland Holdings Inc. (8057), Candy Enterprises Inc. (8053), Castalia Services Ltd. (8055), Centel Shipping Company Limited (0861), Coal Gypsy Shipco LLC (2212), Coal Hunter Shipco LLC (2212), Coal Pride Shipco LLC (2212), Fianna Navigation S.A. (8041), Fountain Services Limited (8054), Grain Express Shipco LLC (2212), Grain Harvester Shipco LLC (2212), Harvey Development Corp. (8048), Ingram Limited (8039), Iron Anne Shipco LLC (2212), Iron Beauty Shipco LLC (2212), Iron Bill Shipco LLC (2212), Iron Bradyn Shipco LLC (2212), Iron Brooke Shipco LLC (2212), Iron Fuzeyya Shipco LLC (2212), Iron Kalypso Shipco LLC (2212), Iron Knight Shipco LLC (2212), Iron Lindrew Shipco LLC (2212), Iron Manolis Shipco LLC (2212), Iron Miner Shipco LLC (2212), Iron Vassilis Shipco LLC (2212), Kirmar Shipco LLC (2212), Liegh Jane Navigation S.A. (8043), Lowlands Beilun Shipco LLC (2212), Marias Trading Inc. (8036), Ore Hansa Shipco LLC (2212), Pascha Shipco LLC (2212), Point Holdings Ltd. (NA), Sandra Shipco LLC (2212), Santa Barbara Shipco LLC (2212), Snapper Marine Ltd. (8051), Tanaka Services Ltd. (8037), Teagan Shipholding S.A. (8045), Thurman International Ltd. (NA), Whitelaw Enterprises Co. (8050), and Yasmine International Inc. (8046).  On August 14, 2013, the Court entered orders dismissing the chapter 11 cases of debtors Minta Holdings S.A. (6499) and Odell International Ltd. (2027).  The address for Excel Maritime Carriers LLC is 777 Westchester Avenue, Suite 101, White Plains, New York USA 10604 and the address for all other Debtors is c/o Excel Maritime Carriers Ltd., 17th KM National Road Athens, Lamia & Finikos Street, 145 64 Nea Kifisia, Athens, Greece.

Unsecured Creditors (the "Committee") of Excel Maritime Carriers Ltd., *et al.* (collectively, the "Debtors") seeking approval to retain and employ Akin Gump, *nunc pro tunc* to July 10, 2013, as counsel to the Committee.

3.       On July 10, 2013 (the "Committee Formation Date"), pursuant to section 1102 of title 11 of the United States Code (the "Bankruptcy Code"), the United States Trustee for the Southern District of New York appointed the Committee.  The Committee currently consists of five members: Christiana Trust; Fidelity Investments; Kayne Anderson Capital Advisors, L.P.; Silverback Asset Management, LLC; and Zazove Associates, LLC.   On the Committee Formation Date, the Committee selected Akin Gump to serve as counsel to the Committee pursuant to Bankruptcy Code section 1103(a).

4.       I am not, nor is Akin Gump, an insider of the Debtors.  Except as set forth below, neither Akin Gump nor I hold directly any claim, debt or equity security of the Debtors.

5.       To the best of my knowledge and information, no member of Akin Gump has been, within two years from the date of the filing of the Debtors' petitions, a director, officer or employee of the Debtors as specified in Bankruptcy Code section 101(14)(B).

6.       Akin Gump does not have an interest materially adverse to the interests of the Debtors' estates or of any class of creditors or equity security holders of the Debtors, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, as specified in Bankruptcy Code section 101(14)(C), or for any other reason.

7.       Akin Gump does not currently represent the Debtors or to the best of my knowledge and information, any of their related parties, affiliates, partners, or subsidiaries. Moreover, Akin Gump will not undertake the representation of any party other than the Committee in connection with the Debtors' chapter 11 cases.

2

8.      To the best of my knowledge and information, Akin Gump neither holds nor represents any interest adverse to the Committee, the Debtors, their creditors or other parties in interest or their respective attorneys in these chapter 11 cases.  Based upon information available to me, I believe that Akin Gump is a "disinterested person" within the meaning of the Bankruptcy Code.

9.      In preparing this Declaration, through my colleagues, I submitted to Akin Gump's computerized client and conflict database (the "Conflict Database") the names set forth in a list of parties identified in the Debtors' application to retain Skadden, Arps, Slate, Meagher, & Flom LLP ("Skadden") as counsel to the Debtors (the "Skadden Application"), and additional parties identified by Akin Gump, which included: (i) the Debtors and their non-Debtor affiliates; (ii) the Debtors' current and former officers and directors (for the past two years); (iii) the Debtors' largest known shareholders (1% or greater); (iv) the Debtors' secured lenders; (v) holders of the 1.875% unsecured convertible senior notes issued by Excel Maritime Carriers Ltd. pursuant to that certain Indenture dated October 10, 2007 with Deutsche Bank Trust Company Americas as indenture trustee (the "Convertible Notes"); (vi) counter-parties to significant agreements involving the  Debtors, including certain unsecured interest rate swaps with Excel, the Debtors' landlord and the Debtors' significant suppliers; (vii) the Debtors' ordinary course professionals; (viii) the Debtors' significant customers; (ix) certain competitors of the Debtors; (x) the judges of the United States Bankruptcy Court for the Southern District of New York; (xi) the United States Trustee for the Southern District of New York and certain of her employees; (xii) the Debtors' depository banks; (xiii) the Debtors' thirty largest unsecured creditors; (xiv) the Debtors' joint venture partner; (xv) the Debtors' primary insurance providers; (xvi) certain parties to pending litigation involving the Debtors; (xvii) members of the Committee; (xviii) certain professionals

3

involved in these chapter 11 cases; and (xix) parties who filed a notice of appearance in these cases as of August 5, 2013.  A copy of the list of the parties searched by Akin Gump is annexed hereto as <u>Schedule 1</u> (collectively, the "<u>Searched Parties</u>").  With the exception of sub-categories (xvii) thru (xix) listed above, the entities listed in <u>Schedule 1</u> were identified in the Skadden Application.

10.     The Conflict Database maintained by Akin Gump is designed to include every matter on which the firm is now and has been engaged, by which entity the firm is now or has been engaged and, in each instance, the identity of related parties and adverse parties and certain of the attorneys in the firm that are knowledgeable about the matter.  It is the policy of Akin Gump that no new matter may be accepted or opened within the firm without completing and submitting to those charged with maintaining the Conflict Database the information necessary to check each such matter for conflicts, including the identity of the prospective client, the matter, and related and adverse parties.  Accordingly, Akin Gump maintains and systematically updates this system in the regular course of business of the firm, and it is the regular practice of the firm to make and maintain these records.

<u>**Representation of Parties in Interest**</u>[2]

11.     Set forth in Schedule 2 annexed hereto is a listing of the Searched Parties from Schedule 1 that Akin Gump either (i) currently represents (the "<u>Current Clients</u>") in matters wholly unrelated to the Debtors' chapter 11 cases, or (ii) has in the past represented in matters wholly unrelated to the Debtors' chapter 11 cases.  In connection with the services to be rendered to the Committee, Akin Gump will not commence a cause of action against any Current Client with respect to the Debtors' chapter 11 cases, unless Akin Gump receives a waiver from the

---

[2] Akin Gump does not act as general counsel to any of the parties in interest or related entities described herein.

4

Current Client allowing Akin Gump to commence such an action.  In connection with these chapter 11 cases, to the extent any causes of action are commenced by or against any Current Client, and a waiver letter is not obtained permitting Akin Gump to participate in such action, the Committee will retain conflicts counsel to represent the interests of the Debtors' unsecured creditors.

12.     Set forth in Schedule 3 annexed hereto is a listing of those parties from Schedule 1 (Searched Parties) that are currently or have in the past been adverse to clients of Akin Gump in matters wholly unrelated to these chapter 11 cases.

**Connections with Parties Representing 1% or More of
Akin Gump's Revenues for 2011, 2012 or 2013 (through June 30, 2013)**

13.     At the inception of each engagement for which a declaration is required pursuant to Bankruptcy Rule 2014, Akin Gump reviews the information relating to the parties involved in a bankruptcy case to determine whether any such party, together with its known related entities, were clients of Akin Gump and as a result made payments to Akin Gump for services rendered in the calendar year prior to the date of review that in the aggregate for each such party exceeds 1% of Akin Gump's total revenues for such calendar year.  In connection with this Declaration, Akin Gump has reviewed similar information for the years 2011, 2012 and 2013 (through June 30, 2013).

14.     Akin Gump's revenues for services rendered on behalf of the parties in interest identified in Schedule 2 aggregate, with respect to each such party in interest, less than 1% of Akin Gump's annual revenues in each of calendar years 2011, 2012 and 2013 (through June 30, 2013).

5

**Connections with Members of the Official Committee of Unsecured Creditors**

15.    In November 2012, an ad hoc committee of certain unaffiliated holders of Convertible Notes (the "Convertible Noteholders' Committee") was formed for the purpose of negotiating a consensual restructuring of certain of the Debtors' debt obligations.    The Convertible Noteholders' Committee retained Akin Gump as its counsel.  Upon formation of the Committee, the Convertible Noteholders' Committee disbanded and released Akin Gump to represent the Committee.  Except for Christiana Trust, each member of the Committee was also a member of the Convertible Noteholders' Committee.  In connection with services rendered to the Convertible Noteholders' Committee prior to the Petition Date, Akin Gump provided services and incurred expenses totaling $514,464.18.  In connection with its pre-petition work for the Convertible Noteholders' Committee, Akin Gump received a total of $327,636.63 from the Debtors.  Akin Gump applied these funds to invoices for services rendered to the Convertible Noteholders' Committee.  Akin Gump has agreed to waive all unpaid fees and expenses associated with services rendered to the Convertible Noteholders' Committee prior to the Petition Date.

16.    From the Petition Date through the Committee Formation Date (the "Pre-Committee Period"), Akin Gump rendered professional services to the Convertible Noteholders' Committee as requested, necessary, and appropriate in furtherance of the interests of the members of the members of the Convertible Noteholders' Committee, including the review and negotiation of the Debtors' cash collateral motion, to which the Convertible Noteholders' Committee objected [Docket No. 28], and other first-day applications and motions.  Akin Gump has outstanding fees and expenses for the Pre-Committee Period in the approximate amount of $118,240.38 (the "Outstanding Pre-Committee Period Fees and Expenses").  As described in

6

paragraphs 25–26 of this Declaration, Akin Gump reserves the right to file an application with the Court seeking allowance and payment of the Outstanding Pre-Committee Period Fees and Expenses pursuant to Bankruptcy Code section 503(b).

17.     Akin Gump serves as counsel to informal and official committees of creditors in many restructurings and/or chapter 11 cases.  Of the current Committee members, each of Fidelity Investments, Kayne Anderson Capital Advisors L.P., Silverback Asset Management LLC and Zazove Associates, LLC has in the past served and/or currently serves as a member of one or more official creditors' committees that are represented by Akin Gump.

18.     Akin Gump has in the past and currently represents Fidelity Investments and Kayne Anderson Capital Advisors, L.P. on matters wholly unrelated to the Debtors' chapter 11 cases.

19.     Akin Gump has in the past represented Wilmington Savings Fund Society, FSB, of which Christiana Trust is a division, on matters wholly unrelated to the Debtors' chapter 11 cases.

### Connection with the Debtors

20.     Akin Gump has not represented any of the Debtors nor any of the Debtors' non-debtor affiliates.  As described in paragraphs 15–16, Akin Gump previously represented the ad hoc Convertible Noteholders' Committee.  The total fees received prior to the Petition Date by Akin Gump in connection with the services rendered for the Convertible Noteholders' Committee was $327,636.63.

7

**Searched Parties Which Currently Serve or Have Served
on Informal and/or Official Creditors' Committees Represented By
Akin Gump During the Period January 1, 2005 Through the Present**

21.    Set forth in Schedule 4 annexed hereto is a list of those Searched Parties that currently serve or have served on one or more informal and/or official creditors' committees represented by Akin Gump during the period January 1, 2005 through the present.

**Other Connections and General Disclosures**

22.    Akin Gump serves as co-counsel to Scott Cable Communications, Inc. ("Scott") in connection with Scott's bankruptcy proceeding currently pending in the United States Bankruptcy Court for the District of Connecticut.  Craig Lifland, the son of the Honorable Burton R. Lifland, serves as Scott's local counsel in Scott's bankruptcy proceeding.

23.    Lauren Lifland, an associate in Akin Gump's Financial Restructuring Department, is the granddaughter of Judge Burton R. Lifland of the United States Bankruptcy Court for the Southern District of New York.

24.    Rebecca Chapman, the daughter of the Honorable Shelley C. Chapman, was employed by Akin Gump as a summer paralegal in Akin Gump's Financial Restructuring Department from June 5, 2006 through July 28, 2006.

25.    The Committee will soon seek authority to retain GCG, Inc. ("GCG") as its information agent.  Angela Ferrante, who was employed as an Akin Gump attorney between May 2003 and December 2006, is currently vice president of bankruptcy solutions at GCG.  Ms. Ferrante's work at Akin Gump was unrelated to the Debtor or this chapter 11 case.  In addition, former Akin Gump attorney Denise Kaloudis joined GCG in 2012.  Ms. Kaloudis was an attorney with Akin Gump from April 2009 to March 2011.  Ms. Kaloudis's work at Akin Gump was unrelated to the Debtors or these chapter 11 cases.

8

26.    Akin Gump may have represented in the past and/or may currently represent or in the future represent entities (other than parties in the attached schedules) not currently known to Akin Gump in matters wholly unrelated to the Debtors' chapter 11 cases who may be parties in interest in these cases.  To the extent that Akin Gump discovers any such information or needs to update the information disclosed herein, Akin Gump will disclose such information by filing a supplemental declaration pursuant to Bankruptcy Rule 2014.

27.    None of Akin Gump's representations of creditors or other parties in interest who are involved in these chapter 11 cases comprise a material component of Akin Gump's practice, nor does Akin Gump currently represent such parties on any issue relating to these chapter 11 cases.  To the best of my knowledge, the standard articulated by courts of the Second Circuit regarding the appointment of counsel by a creditors' committee has been met by Akin Gump in these cases.  One bankruptcy court explains that counsel to a creditors' committee, which owes a fiduciary duty both to the committee and to the individual creditors that the committee represents, may not represent any other entity having an interest adverse to the individual creditors.  In re Mesta Machine Company, 67 B.R. 151 (Bankr. W.D. Pa. 1986).  For the reasons stated herein, Akin Gump represents no interests adverse to the Debtors' individual creditors or the Committee and, therefore, is capable of fulfilling its duties to the Committee.

28.    Akin Gump is willing to be retained by the Committee as its counsel and will make appropriate applications to this Court for compensation and reimbursement of out-of-pocket expenses, all in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules for the United States Bankruptcy Court for the Southern District of New York and any orders of this Court.  Akin Gump will bill at its standard hourly rates which currently are (i) $515 – $1,220 for partners, (ii) $455 – $880 for senior counsel and counsel,

9

(iii) $365 – $700 for associates and (iv) $145 – $325 for paraprofessionals. The names, positions and current hourly rates of the Akin Gump attorneys currently expected to have primary responsibility for providing services to the Committee are as follows: Michael S. Stamer (Partner – Financial Restructuring Department) – $1,100/hour; Sarah Link Schultz (Partner – Financial Restructuring Department) – $850/hour; Kevin M. Eide (Associate – Financial Restructuring Department) – $650/hour; Jason S. Sharp (Associate – Financial Restructuring Department) – $400/hour. The foregoing hourly rates are subject to periodic increase (typically in December of each year) in the normal course of Akin Gump's business. Other attorneys and paraprofessionals will, from time to time, assist in the representation of the Committee in connection with these cases at Akin Gump's standard hourly rates in effect for those personnel. The hourly rates set forth above are Akin Gump's standard hourly rates for work of this nature. These rates are set at a level designated to fairly compensate Akin Gump for the work of its attorneys and paraprofessionals and to cover fixed and routine overhead expenses. Akin Gump operates in a complicated, national marketplace for legal services in which rates are driven by multiple factors relating to the individual lawyer, his or her area of specialization, the firm's expertise, performance and reputation, the nature of the work involved and other factors. Because the sub-markets for legal services are fragmented and are affected by a variety of individualized and interdependent factors, Akin Gump rates for certain individual attorneys may vary as a function of the type of matter, geographic factors, the nature of certain long-term client relationships, and various factors, including those enumerated above. Akin Gump specifically reserves its right to file an application for an allowance of an enhanced fee award at the end of this proceeding, subject to the discretion of the Committee.

10

29.    Akin Gump's hourly rates are subject to periodic adjustments (typically in December of each year) to reflect economic and other conditions.  Akin Gump has informed the Committee that it will (i) provide ten (10) business days' notice to the Committee, the U.S. Trustee, the Debtors and any other statutory committee appointed in these chapter 11 cases before any increases in the rates set forth herein and (ii) file such notice with the Court.

30.    It is Akin Gump's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case.  The expenses charged to clients include, among other things, photocopying charges, travel expenses, expenses for "working meals" and computerized research.  Akin Gump will seek reimbursement for such expenses pursuant to, among other things, any applicable guidelines established by the Office of the United States Trustee for the Southern District of New York.

31.    No agreement exists, nor will any be made, to share any compensation received by Akin Gump for its services with any other person or firm other than members of Akin Gump.

32.    For the reasons stated herein, Akin Gump represents no interest adverse to the Debtors' individual creditors or the Committee and, therefore, is capable of fulfilling its duties to the Committee and the unsecured creditors that the Committee represents.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on this 20th day of August, 2013.

By:      **/s/ Michael S. Stamer**
Name:   **Michael S. Stamer**

11

## SCHEDULE 1

## PARTIES SEARCHED IN THE CONFLICT DATABASE

### Debtors/Non-Debtor Affiliates

Amanda Enterprises Limited
Barbara Shipco LLC
Barland Holdings Inc.
Bird Acquisition Corp.
Candy Enterprises Inc.
Castalia Services Ltd.
Centel Shipping Company Limited
Christine Shipco LLC (DVB Credit Facility)
Coal Age Shipco LLC
Coal Glory Shipco LLC
Coal Gypsy Shipco LLC
Coal Hunter Shipco LLC
Coal Pride Shipco LLC
Excel Maritime Carriers Ltd. (Nordea Syndicate Facility)
Fearless Shipco LLC
Fianna Navigation S.A.
Fountain Services Limited
Grain Express Shipco LLC
Grain Harvester Shipco LLC
Harvey Development Corp.
Hope Shipco LLC (ABN Credit Facility)
Ingram Limited
Iron Anne Shipco LLC
Iron Beauty Shipco LLC
Iron Bill Shipco LLC
Iron Bradyn Shipco LLC
Iron Brooke Shipco LLC
Iron Fuzeyya Shipco LLC
Iron Kalypso Shipco LLC
Iron Knight Shipco LLC
Iron Lindrew Shipco LLC
Iron Man Shipco LLC
Iron Manolis Shipco LLC
Iron Miner Shipco LLC
Iron Vassillis Shipco LLC
King Coal Shipco LLC
Kirmar Shipco LLC
Linda Leah Shipco LLC
Liegh Jane Navigation S.A.

Lowlands Beilun Shipco LLC
Marias Trading Inc.
Maryville Maritime Inc.
Naia Development Corp.
Ore Hansa Shipco LLC
Pascha Shipco LLC
Point Holdings Ltd.
Sandra Shipco LLC
Santa Barbara Shipco LLC
Snapper Marine Ltd.
Tanaka Services Ltd.
Teagan Shipholding S.A.
Thurman International Ltd.
Whitelaw Enterprises Co.
Yasmine International Inc.

### Current and Former Officers and Directors

Gabriel "Villy" Panayotides
Frithjof  Platou
Evangelos Macris
Apostolos Kontoyannis
Trevor J. Williams
Pavlos Kanellopoulos
Ismini Panayotides
Vassilis Gkarametsis

### Ownership (Excel Maritime Carriers Ltd.) (1% or greater)

Amci Acquisition II LLC
Argon SA
Lhada Holdings Inc.
Norma Investment Co Ltd.
Tanew Holdings Inc.
Ivory Shipping Inc.
Boston Industries S.A.
Jake Trading Inc.
Gabriel "Villy" Panayotides
Ismini Panayotides

**Debtors' Secured Lenders**

*Nordea Syndicate Facility*
Angelo Gordon & Co.
BNP Paribas
Credit Suisse
Deutsche Bank
Deutsche Trust Company Americas
DVB Bank SE
Goldman Sachs International Bank
HSH Nordbank
Landesbank Hessen
National Bank of Greece
Natixis
Oaktree Capital Management
Skandinaviska Enskilda Banken
Silver Oak Capital LLC

*DVB Credit Facility*
DVB Bank

*ABN Credit Facility*
ABN AMRO

*Credit Suisse Credit Facility*
Credit Suisse

**Convertible Notes**

Albert Fried & Company LLC
David R Eidelman
Deutsche Bank Securities, Inc.
Fidelity Management & Research Company
J.P. Morgan Securities (U.S.)
Janet H Foisie
Kamunting Street Capital Management, L.P.
Kayne Anderson Capital Advisors, L.P.
Knighthead Capital Management, LLC
Lazard Asset Management, LLC (U.S.)
Linda Estell
Matterhorn Investment Management, LLP
Phoenix Investment Adviser, LLC
Robert A Foisie
Silverback Asset Management, LLC
Tenor Capital Management Company, L.P.
ValueWorks Capital Management, LLC
W&L LLC

Zazove Associates, LLC
Lyxorr/Lazard Rathmore Fund Ltd.
Lehman Brothers International (Europe) (in administration)
Ensign Peak Advisors
Basso Capital Management, L.P.
Octagon Insurance Group LTD.
Telemetry Securities

**Counter-Parties to Significant Agreements**

Sea Class 9 GmBH & Co. KG
Sea Class 10 GmbH & Co. KG
KUNUK Mobiliengeselschaft mbH & Co. KG
KUNUK Mobiliengeselschaft mbH & Co. KG
Iron Man AS
Coal Glory AS
Linda Leah AS
ABN AMRO
Eurobank EFG Private Bank Luxembourg S.A.
Marfin Egnatia
Nomura International plc
Dean Services Limited (HQ Lease)
Augustea Atlantica S.p.A
Cargill International SA, Geneva
Daeyang Shipping Co., Ltd.
EDF Trading Limited
Glencore Grain Rotterdam B.V.
Global Maritime Investments Cyprus LTD
Lorentzen & Stemoco & Sobelnord SA
Mansel Ltd., Bermuda (Vitol S.A. Geneva)
STX Pan Ocean Co., Ltd.
Western Bulk PTE Ltd. Singapore
Garrets International Limited
International Paint (Hellas) S.A.
Jotun Hellas Limited
Nippon Kaiji Kyokai
SeaStar Catering f/k/a Wrist Sea Catering
Shell Marine Products Limited
TOTAL Lubrifiants S.A.
Wilhelmsen Ships Service AS

**Ordinary Course Professionals**

Al Kamel Law
Alexandra Sheppard
Appleby

Arias, Fabrega & Fabrega
Birketts Llp
Brenda Chark & Co.
Brown Gavalas & Fromm Llp
Campbell Johnston Clark Llp
Carreira Pitti P.C. Abogados
Chaffe Mcall Llp
Clyde & Co Llp
Constant & Constant
Conyers Dill & Pearman Limited
David Angelo Abesames, Philippines
Dr. Ulrich Stahl Lebuhn & Puchta
Elias Arosemena - Attorney, Panama
Essex Court Chambers
Fenech & Fenech
Ganado & Associates
Gerli-Wren & Co.
Halpern Mark T. Law Office
Higgs & Johnson
Hill Dickinson LLP
Holman Fenwick & Willan LLP
Ince & Co
Jipyong Jisung
John N. Habeishy Law Firm
Kim & Chang
Kincaid Mendes Vianna Advogados
Morgan & Morgan- Attorneys At Law
Morgan Lewis & Bockius LLP
Norton Rose Llp
Papaphilippou L. & Co. LLC
Phelps Dunbar Llp
Poles Tublin Stratakis & Gonzalez, LLP
Prashant S. Pratar Law Office
Python & Peter
Rajah &  Tann Llp
Reeder & Simpson P.C.
Reedsmith Richards Butler Llp
Schmitz & Partner Rechtsanwalte
Scorinis Law Offices
Shepstone & Wyllie
Seward & Kissel LLP
Stephenson Harwood LLP
Thomas Cooper Law Firm
Thompson Hine L.L.P.
Timagenis Law Firm
Waterson Hicks
Watson, Farley And Williams LLP

Vuskovic, Aramburu, Escalante & Asociados
Liaquat Merchant Associates

**Significant Customers**

Bunge Geneva S.A.
EDF Trading Limited
Global Maritime Investments Ltd

**Competitors**

Diana Shipping Inc.
Genco Shipping & Trading Ltd.
DryShips Inc.

**United States Bankruptcy Judges
for the Southern District of New York**

Cecelia Morris
Stuart Bernstein
Shelley Chapman
Robert Drain
Robert Gerber
Martin Glenn
Allan Gropper
Sean Lane
Burton Lifland
James Peck

**Office of the United States Trustee
for the Southern District of New York**

Tracy Hope Davis
Michael Driscoll
Susan Golden
Nazar Khodorovsky
Brian S. Masumoto
Richard C. Morrissey
Serene Nakano
Andrea B. Schwartz
Paul K. Schwartzberg
Linda A. Riffkin
Andy Velez-Rivera
Greg M. Zipes

## Depository Banks

ABN-AMRO
Alpha Bank
Commerzbank
Credit Suisse
Deutsche Bank
DVB Bank
Eurobank
Eurobank/Lux
Macquarie
NBG Bank
Nomura
Nordea
Whitney Bank

## Top 30 Unsecured Creditors

Deutsche Bank Trust Company Americas
Cyprus Popular Bank Public Co. Ltd.,
Eurobank Efg Private Bank
Luxembourg Sa
Norwegian Claim/Iron Man As
Norwegian Claim/Linda Leah As
Norwegian Claim/Coal Glory As
London Steam-Ship Owners' Lsso
North Of England
Kristensons-Petroleum Inc
Total Lubrifiants S.A.
Caramanos-National Insurance Brokers
Evmar Marine Services Ltd
Hellenic Republic, Ministry of Finance
Marine Industry Mi S.A.
Ocean Energy Ltd
U.K.  P+I  Club
Trans It Aps
O.W.Bunker Malta Ltd
Man Diesel & Turbo (Brach of Se)
ISS Machinery Services
Cosco (Zhoushan) Shipyard Co, Ltd
International Paints
Imc Co Ltd (Ex I.H.I Marine Co Ltd)
Legero International (Holland) B.V.
I.S.T Marine & Offshore Supplies Pte Ltd
Diaplous Maritime Services
Fuji Trading Co., Ltd.

Mes Technoservice Co Ltd
Richshore Marine Supplies Ltd
Wilhelmsen (Barwill Unitor)Ships Service

## Joint Ventures

Robertson Maritime Investors LLC (Christine
Shipco LLC )

## Primary Insurers

AXA
Chartis Europe Limited f/k/a Chartis Insurance
(UK) Limited
Evmar Marine Services Ltd.
Lloyd's Syndicate 1221
Lloyd's Syndicate 2003
National Insurance Brokers SA
North of England P&I Association Ltd
The London P&I Club
Tours Executive Risks Ltd
UK P&I Club
Hellenic Mutual War Risks Association
Lloyd's of London (Beazley syndicate)
AIG
All Risk Insurance Brokers
Navigators (Insurance)

## Parties to Pending Litigation

Allied Maritime Inc.
Almagrario
Chimbusco BV Europe
Confianza Seguros
EF U General Insurance Limited
Kunuk Mobiliengesellschaft MBH & Co. KG
Louis Dreyfus Commodities Italia S.P.A.
Mapfre Seguros
Omer Iqbal Solvent (Pvt) Ltd.
San Fernando S.A.
Satsuma Shipping S.A.
Sea Class 10 GMBH & Co
Sea Class 9 GMBH & Co
STX Panocean (Hong Kong) Co. Ltd.
Tangshan Ganglu Iron and Steel Co

**<u>Members of the Official Committee of Unsecured Creditors</u>**

Christiana Trust, a Division of Wilmington Savings Fund Society, FSB
Fidelity Investments
Kayne Anderson Capital Advisors, L.P.
Silverback Asset Management, LLC
Zazove Associates, LLC

**<u>Professionals</u>**
Blackstone
Bracewell & Giuliani LLP
Ernst Young (Hellas)
Certified Auditors Accountants S.A.
Garden City Group, Inc.
Global Maritime Partners, Inc.
Holland & Knight
Miller Buckfire
Hughes Hubbard & Reed LLP
McKool Smith
Paul, Weiss, Rifkind, Wharton & Garrison LLP
Weil, Gotshal & Manges
Skadden, Arps, Slate, Meagher & Flom LLP
Jefferies LLC
Moses & Singer LLP
Holland & Knight LLP

**<u>Parties Filing a Notice of Appearance (as of August 5, 2013)</u>**

Robertson Maritime Investors LLC
Credit Suisse AG, Switzerland
Oaktree Opportunities Fund VIIIB Delaware, L.P.
Credit Suisse AG
BNP Paribas S.A.
Deutsche Bank AG
HSH Nordbank AG
DVB Bank SE

**SCHEDULE 2**
**PARTIES AND/OR RELATED PARTIES LISTED ON SCHEDULE 1**
**WHO ARE RECORDED IN THE CONFLICT DATABASE AS BEING**
**CURRENT OR FORMER CLIENTS OF AKIN GUMP**

**Debtors/Non-debtor Affiliates**

Akin Gump has not represented any of these companies.  As described in the Stamer Declaration, Akin Gump has in the past represented the ad hoc Convertible Noteholders' Committee.

**Current and Former Officers and Directors**

Akin Gump has not represented any of these individuals.

**Ownership (Excel Maritime Carriers Ltd.) (1% or greater)**

Akin Gump has not represented any of these companies or individuals.

**Debtors' Secured Lenders**

Akin Gump has in the past represented and currently represents the following companies and/or certain related parties of such companies on matters wholly unrelated to the Debtors' chapter 11 cases:

| | |
|---|---|
| ABN AMRO | Deutsche Trust Company Americas |
| Angelo Gordon & Co. | Goldman Sachs International Bank |
| BNP Paribas | Oaktree Capital Management |
| Credit Suisse | Silver Oak Capital LLC |
| Deutsche Bank | |

Akin Gump has in the past represented the following companies and/or certain related parties of such companies on matters wholly unrelated to the Debtors' chapter 11 cases:

| | |
|---|---|
| Landesbank Hessen | Natixis |

**Convertible Notes**

Akin Gump has in the past represented and currently represents the following companies and/or certain related parties of such companies on matters wholly unrelated to the Debtors' chapter 11 cases:

| | |
|---|---|
| Deutsche Bank Securities, Inc. | Kayne Anderson Capital Advisors, L.P. |
| Fidelity Management & Research Company | Lazard Asset Management, LLC (U.S.) |
| J.P. Morgan Securities (U.S.) | |

Akin Gump has in the past represented the following companies and/or certain related parties of such companies on matters wholly unrelated to the Debtors' chapter 11 cases:

| | |
|---|---|
| Basso Capital Management, L.P. | Matterhorn Investment Management, LLP |
| Lehman Brothers International (Europe) | Tenor Capital Management Company, L.P. |

## Counter-Parties to Significant Agreements

Akin Gump has in the past represented and currently represents the following companies and/or certain related parties of such companies on matters wholly unrelated to the Debtors' chapter 11 cases.

| | |
|---|---|
| ABN AMRO | Shell Marine Products Limited |
| Nomura International Plc | |

Akin Gump has in the past represented Cargill International SA, Geneva and/or certain related parties of such companies on matters wholly unrelated to the Debtors' chapter 11 cases.

## Ordinary Course Professionals

Akin Gump has in the past represented and currently represents Norton Rose LLP and/or certain related parties on matters wholly unrelated to the Debtors' chapter 11 cases.

Akin Gump has in the past represented the following companies and/or certain related parties of such companies on matters wholly unrelated to the Debtors' chapter 11 cases:

| | |
|---|---|
| Clyde &Co LLP | Stephenson Harwood LLP |
| Morgan Lewis & Bockius LLP | Watson, Farley and Williams LLP |

## Significant Customers

Akin Gump has not represented any of these companies.

## Competitors

Akin Gump has not represented any of these companies.

**United States Bankruptcy Judges for the Southern District of New York**

Akin Gump has not represented any of these individuals.

Akin Gump is co-counsel to Scott Cable Communications, Inc. ("Scott") in connection with Scott's bankruptcy proceeding pending in the United States Bankruptcy Court for the District of Connecticut.  Craig Lifland, the son of the Honorable Burton R. Lifland, is local counsel to Scott in Scott's bankruptcy proceeding.

Lauren R. Lifland, an associate in Akin Gump's Financial Restructuring Department, is the granddaughter of Judge Lifland.

Rebecca Chapman, the daughter of the Honorable Shelley C. Chapman, was employed by Akin Gump as a summer paralegal in Akin Gump's Financial Restructuring Department from June 5, 2006 through July 28, 2006.

**Office of the United States Trustee for the Southern District of New York**

Akin Gump has not represented any of these individuals.

**Depository Banks**

Akin Gump has in the past represented and currently represents the following companies and/or certain related parties of such companies on matters wholly unrelated to the Debtors' chapter 11 cases:

| | |
|---|---|
| ABN-AMRO | Deutsche Bank |
| Commerzbank | Nomura |
| Credit Suisse | Nordea |

Akin Gump has in the past represented the following companies and/or certain related parties of such companies on matters wholly unrelated to the Debtors' chapter 11 cases:

| | |
|---|---|
| Alpha Bank | Whitney Bank |
| Macquarie | |

<u>**Top 30 Unsecured Creditors**</u>

In addition to its prior representation as a member of the Committee and Convertible Noteholders' Committee, Akin Gump has in the past represented and currently represents Deutsche Bank Trust Company Americas and/or certain related parties on matters wholly unrelated to the Debtors' chapter 11 cases.

<u>**Joint Ventures**</u>

Akin Gump has not represented this company.

<u>**Primary Insurers**</u>

Akin Gump has in the past represented and currently represents the following companies and/or certain related parties of such companies on matters wholly unrelated to the Debtors' chapter 11 cases:

Chartis Europe Limited f/k/a                                 Lloyds of London (Beazley syndicate)
    Chartis Insurance (UK) Limited

Akin Gump has in the past represented AXA and/or certain related parties on matters wholly unrelated to the Debtors' chapter 11 cases.

<u>**Parties to Pending Litigation**</u>

Akin Gump has in the past represented Louis Dreyfus Commodities Italia S.P.A. and/or certain related parties on matters wholly unrelated to the Debtors' chapter 11 cases.

<u>**Members of the Official Committee of Unsecured Creditors**</u>

Akin Gump has in the past represented and currently represents the following companies and/or certain related parties of such companies on matters wholly unrelated to the Debtors' chapter 11 cases:

Fidelity Investments                                        Kayne Anderson Capital Advisors, L.P.

Akin Gump has in the past represented Wilmington Savings Fund Society, FSB, of which Christiana Trust is a division, on matters wholly unrelated to the Debtors' chapter 11 cases.

<u>**Professionals**</u>

Akin Gump has in the past represented and currently represents the following companies and/or certain related parties of such companies on matters wholly unrelated to the Debtors' chapter 11 cases:

Blackstone                                                 Jefferies LLC

Ernst & Young (Hellas)

Akin Gump has in the past represented the following companies and/or certain related parties of such companies on matters wholly unrelated to the Debtors' chapter 11 cases:

Bracewell & Giuliani LLP

Garden City Group, Inc.

Holland & Knight

Hughes Hubbard & Reed LLP

Paul, Weiss, Rifkind, Wharton & Garrison LLP

Weil, Gotshal & Manges

Skadden, Arps, Slate, Meagher & Flom LLP

Moses & Singer LLP

**Parties Filing a Notice of Appearance (as of August 5, 2013)**

Akin Gump has in the past represented and currently represents the following companies and/or certain related parties of such companies on matters wholly unrelated to the Debtors' chapter 11 cases:

Oaktree Opportunities Fund VIIIB Delaware, L.P.

Credit Suisse AG, Switzerland

BNP Paribas S.A.

Deutsche Bank AG

## SCHEDULE 3

### PARTIES AND/OR RELATED PARTIES LISTED ON SCHEDULE 1
### WHO ARE RECORDED IN THE CONFLICT DATABASE AS BEING
### <u>CURRENTLY OR FORMERLY ADVERSE TO CLIENTS OF AKIN GUMP</u>

ABN AMRO
AIG
Angelo Gordon & Co.
AXA
Blackstone
BNP Paribus S.A.
Bracewell & Giuliani LLP
Cargill International SA, Geneva
Chartis Europe Limited f/k/a Chartis
Insurance (UK) Limited
Commerzbank
Conyers Dill & Pearman Limited
Credit Suisse
Credit Suisse GA, Switzerland
Deutsche Bank
Deutsche Bank Securities
Deutsche Trust Company Americas
DVB Bank
DVB Bank SE
EDF Trading Limited
Ensign Peak Advisors
Ernst & Young (Hellas)
Excel Maritime Carriers Ltd.
Fidelity Investments
Fidelity Management & Research Company
Goldman Sachs International Bank
Hellenic Republic, Ministry of Finance
Holland & Knight LLP
HSH Nordbank
Jefferies LLC
J.P. Morgan Securities (U.S.)

Kayne Anderson Capital Advisors. L.P.
Knighthead Capital Management.LLC
Lazard Asset Management LLC (US)
Landesbank Hessen
Lehman Brothers International
Louis Dreyfus Commodities Italia S.P.A.
Macquarie
Man Diesel & Turbo (Brach of Sc)
Matterhorn Investment Management, LLP
Miller Buckfire
Morgan Lewis & Bockius LLP
Moses & Singer LLP
Natixis
Nordea Syndicate Facility
Nomura International plc
Oaktree Capital Management
Oaktree Opportunities Fund VIIIB
    Delaware L.P.
Paul, Weiss, Rifkind, Whartson &
    Garrison LLP
Phoenix Investment Adviser, LLC
Shell Marine Products Limited
Silverback Asset Management. LLC
Silver Oak Capital
Skadden, Arps, Slate, Meagher & Flom LLP
Skandinaviska Enskilda Banken
Tenor Capital Management Company, L.P.
The London P&I Club
Thompson Hine L.L.P.
Weil, Gotshal & Manges LLP
Zazove Associates, LLC

**SCHEDULE 4**

**PARTIES LISTED ON SCHEDULE 1
WHO ARE RECORDED IN THE CONFLICT DATABASE AS
SERVING OR HAVING SERVED ON OTHER INFORMAL AND/OR
OFFICIAL CREDITORS' COMMITTEES REPRESENTED BY AKIN GUMP**

AIG

Basso Capital Management, L.P.

Blackstone

Credit Suisse

Credit Suisse AG Switzerland

Deutsche Bank

Deutsche Bank Securities

Deutsche Trust Company Americas

Fidelity Investments

Fidelity Management & Research Company

Goldman Sachs International Bank

J.P. Morgan Securities (U.S.)

Kayne Anderson Capital Advisors. L.P.

Knighthead Capital Management.LLC

Lazard Asset Management LLC (US)

Nomura International plc

Oaktree Capital Management

Oaktree Opportunities Fund VIIIB
  Delaware, L.P.

Phoenix Investment Adviser, LLC

Silverback Asset Management. LLC

Tenor Capital Management Company, L.P.

Zazove Associates, LLC