**Presentment Date and Time:  October 11, 2013 at 10:00 a.m. (Eastern Time)**
**Objection Deadline and Time:  October 8, 2013 at 4:00 p.m. (Eastern Time)**

SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP
Jay M. Goffman
Mark A. McDermott
Suzanne D.T. Lovett
Four Times Square
New York, New York 10036
(212) 735-3000

Proposed Counsel for Debtors and
  Debtors in Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                                                         :
In re:                                                   :    Chapter 11
                                                         :
EXCEL MARITIME CARRIERS LTD., et                         :    Case No. 13-23060 (RDD)
al.,                                                     :
                                                         :
                            Debtors.                     :    (Jointly Administered)
                                                         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

### NOTICE OF PRESENTMENT OF ORDER UNDER 11 U.S.C. § 327(a), FED. R. BANKR. P. 2014 AND 2016 AND L.B.R. S.D.N.Y. 2014-1 AND 2016-1 AUTHORIZING THE EMPLOYMENT AND RETENTION OF ERNST & YOUNG LLP AS RESTRUCTURING SERVICE PROVIDER FOR THE DEBTORS, *NUNC PRO TUNC* TO JULY 18, 2013

**PLEASE TAKE NOTICE** that upon the *Debtors' Application for Order Under 11 U.S.C. § 327(A), Fed. R. Bankr. P. 2014 And 2016 And L.B.R. S.D.N.Y. 2014-1 and 2016-1 Authorizing the Employment and Retention of Ernst & Young LLP as Restructuring Service Provider for The Debtors, Nunc Pro Tunc To July 18, 2013* (the "Application"), attached hereto as Exhibit 1, the debtors and debtors in possession in the above-captioned cases (collectively, the

"Debtors"),[1] will present the proposed order, attached to the Application as Exhibit A, to the Honorable Robert D. Drain, United States Bankruptcy Judge for the Southern District of New York, in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), for signature on **October 11, 2013 at 10:00 a.m. (Eastern Time)**.

PLEASE TAKE FURTHER NOTICE that any objection to the proposed order must be (a) filed with the Bankruptcy Court no later than **4:00 p.m. (Eastern Time) on October 8, 2013** (the "Objection Deadline") and (b) served so as to be actually received by the following parties by the Objection Deadline: (i) the Debtors, c/o Maryville Maritime Inc., 17 Km of National Rd Athens-Lamia & Finikos St., 145 64 Nea Kifisia Athens, Greece; (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, NY 10036, Attn: Jay M. Goffman (Jay.Goffman@skadden.com) and Mark A. McDermott (Mark.McDermott@skadden.com); (iii) the Office of the United States Trustee, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014, Attn: Paul K. Schwartzberg (Paul.Schwartzberg@usdoj.gov); (iv) counsel to creditors' committee, Akin Gump Strauss Hauer & Feld LLP, 1700 Pacific Avenue, Suite 4100, Dallas, TX 75201-4624, Attn: Sarah Link Schultz (SSchultz@akingump.com), and One Bryant Park, Bank of America Tower,

---

[1]    The Debtors and the last four digits of their taxpayer identification numbers are as follows: Excel Maritime Carriers LLC (9430), Excel Maritime Carriers Ltd. (2212), Amanda Enterprises Limited (8034), Barland Holdings Inc. (8057), Candy Enterprises Inc. (8053), Castalia Services Ltd. (8055), Centel Shipping Company Limited (0861), Coal Gypsy Shipco LLC (2212), Coal Hunter Shipco LLC (2212), Coal Pride Shipco LLC (2212), Fianna Navigation S.A. (8041), Fountain Services Limited (8054), Grain Express Shipco LLC (2212), Grain Harvester Shipco LLC (2212), Harvey Development Corp. (8048), Ingram Limited (8039), Iron Anne Shipco LLC (2212), Iron Beauty Shipco LLC (2212), Iron Bill Shipco LLC (2212), Iron Bradyn Shipco LLC (2212), Iron Brooke Shipco LLC (2212), Iron Fuzeyya Shipco LLC (2212), Iron Kalypso Shipco LLC (2212), Iron Knight Shipco LLC (2212), Iron Lindrew Shipco LLC (2212), Iron Manolis Shipco LLC (2212), Iron Miner Shipco LLC (2212), Iron Vassilis Shipco LLC (2212), Kirmar Shipco LLC (2212), Liegh Jane Navigation S.A. (8043), Lowlands Beilun Shipco LLC (2212), Marias Trading Inc. (8036), Ore Hansa Shipco LLC (2212), Pascha Shipco LLC (2212), Point Holdings Ltd. (NA), Sandra Shipco LLC (2212), Santa Barbara Shipco LLC (2212), Snapper Marine Ltd. (8051), Tanaka Services Ltd. (8037), Teagan Shipholding S.A. (8045), Thurman International Ltd. (NA), Whitelaw Enterprises Co. (8050), and Yasmine International Inc. (8046).  The address for Excel Maritime Carriers LLC is 777 Westchester Avenue, Suite 101, White Plains, New York USA 10604 and the address for all other Debtors is c/o Excel Maritime Carriers Ltd., 17th KM National Road Athens, Lamia & Finikos Street, 145 64 Nea Kifisia, Athens, Greece.

New York, NY 10036-6745, Attn: Michael S. Stamer (MStamer@akingump.com); (v) counsel to

any other official committee appointed in these bankruptcy cases; (vi) counsel to the Steering

Committee, Holland & Knight LLP, 10 St. James Avenue, Boston, MA 02116, Attn: John J.

Monaghan (John.Monaghan@hklaw.com); and (vii) counsel to Ernst & Young LLP, Foley and

Lardner LLP, One Detroit Center, 500 Woodward Avenue, Suite 2700, Detroit, MI 48226-3489,

Attn: John A. Simon (JSimon@foley.com).

**PLEASE TAKE FURTHER NOTICE** that unless a written objection to the

proposed order, with proof of service, is filed with the Bankruptcy Court and a courtesy copy

delivered to the Honorable Robert D. Drain's chambers by the Objection Deadline, there will not

be a hearing and the order may be signed.

**PLEASE TAKE FURTHER NOTICE** that if a written objection is timely filed,

the Court will notify the Debtors and the objecting parties of the date and time of the hearing and

of the Debtors' obligation to notify all other parties entitled to receive notice.  The Debtors and

any objecting parties are required to attend the hearing, and failure to attend in person or by

counsel may result in relief being granted or denied upon default.

Dated: New York, New York
       September 20, 2013

SKADDEN, ARPS, SLATE, MEAGHER
 & FLOM LLP

By:     */s/ Jay M. Goffman*
        Jay M. Goffman
        Mark A. McDermott
        Suzanne D.T. Lovett
        Four Times Square
        New York, New York 10036
        (212) 735-3000

        Counsel for Debtors and
         Debtors in Possession

## **<u>Exhibit 1</u>**

**Application**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                            :
In re:                                                      :    Chapter 11
                                                            :
EXCEL MARITIME CARRIERS LTD., <u>et</u>                     :    Case No. 13-23060 (RDD)
<u>al.</u>,                                                 :
                                                            :
                      Debtors.                              :    (Jointly Administered)
                                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**DEBTORS' APPLICATION FOR AN ORDER UNDER 11 U.S.C. § 327(a), FED. R.
BANKR. P. 2014 AND 2016 AND L.B.R. S.D.N.Y. 2014-1 AND 2016-1 AUTHORIZING
THE EMPLOYMENT AND RETENTION OF ERNST & YOUNG LLP AS
RESTRUCTURING SERVICE PROVIDER FOR THE DEBTORS,
*NUNC PRO TUNC* TO JULY 18, 2013**

Excel Maritime Carriers Ltd. ("Excel") and certain of its affiliates, the debtors and

debtors in possession in the above-captioned cases (collectively, the "Debtors" or the

"Company"),[1] hereby submit this application (the "Application") for entry of an order, under

section 327(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and

2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1

---

[1]    The Debtors and the last four digits of their taxpayer identification numbers are as follows: Excel
Maritime Carriers LLC (9430), Excel Maritime Carriers Ltd. (2212), Amanda Enterprises Limited (8034),
Barland Holdings Inc. (8057), Candy Enterprises Inc. (8053), Castalia Services Ltd. (8055), Centel
Shipping Company Limited (0861), Coal Gypsy Shipco LLC (2212), Coal Hunter Shipco LLC (2212),
Coal Pride Shipco LLC (2212), Fianna Navigation S.A. (8041), Fountain Services Limited (8054), Grain
Express Shipco LLC (2212), Grain Harvester Shipco LLC (2212), Harvey Development Corp. (8048),
Ingram Limited (8039), Iron Anne Shipco LLC (2212), Iron Beauty Shipco LLC (2212), Iron Bill Shipco
LLC (2212), Iron Bradyn Shipco LLC (2212), Iron Brooke Shipco LLC (2212), Iron Fuzeyya Shipco LLC
(2212), Iron Kalypso Shipco LLC (2212), Iron Knight Shipco LLC (2212), Iron Lindrew Shipco LLC
(2212), Iron Manolis Shipco LLC (2212), Iron Miner Shipco LLC (2212), Iron Vassilis Shipco LLC
(2212), Kirmar Shipco LLC (2212), Liegh Jane Navigation S.A. (8043), Lowlands Beilun Shipco LLC
(2212), Marias Trading Inc. (8036)), Ore Hansa Shipco LLC (2212), Pascha Shipco LLC (2212), Point
Holdings Ltd. (NA), Sandra Shipco LLC (2212), Santa Barbara Shipco LLC (2212), Snapper Marine Ltd.
(8051), Tanaka Services Ltd. (8037), Teagan Shipholding S.A. (8045), Thurman International Ltd. (NA),
Whitelaw Enterprises Co. (8050), and Yasmine International Inc. (8046).  The address for Excel Maritime
Carriers LLC is 777 Westchester Avenue, Suite 101, White Plains, New York USA 10604 and the address
for all other Debtors is c/o Excel Maritime Carriers Ltd., 17th KM National Road Athens, Lamia & Finikos
Street, 145 64 Nea Kifisia, Athens, Greece.

and 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules"), authorizing the retention and employment of Ernst & Young LLP ("EY LLP"), as restructuring service provider for the Debtors, *nunc pro tunc* to July 18, 2013.  In support of this Application, the Debtors submit the declaration of Ivan R. Lehon, a partner in EY LLP (the "Lehon Declaration"), attached hereto as Exhibit A, and the Declaration of Pavlos Kanellopoulos, Chief Financial Officer of Excel Maritime Carriers Ltd., filed on the Petition Date (the "First-Day Declaration").  In further support of this Application, the Debtors represent as follows:

**JURISDICTION AND VENUE**

1.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these cases and this Application in this District is proper under 28 U.S.C. §§ 1408 and 1409.  The statutory predicate for the relief requested herein is section 327(a) of the Bankruptcy Code.  Such relief is also warranted under Bankruptcy Rules 2014 and 2016, and Local Bankruptcy Rules 2014-1 and 2016-1.

**BACKGROUND**

2.    The Debtors are providers of worldwide sea borne transportation for "dry bulk" cargo including, among others, iron ore, coal and grain, collectively referred to as "major bulks" and steel products, fertilizers, cement, bauxite, sugar and scrap metal, collectively referred to as "minor bulks."  The dry bulk market is the primary provider of global commodities transportation.  The Debtors own a fleet of 38 vessels, one of which, the *M/V Christine*, is owned by a non-Debtor in which Excel beneficially owns a 71.4% interest with a total carrying capacity of approximately 3.4  million deadweight tons (dwt), making the company one of the world's

2

largest independent dry bulk operators.  The factual background regarding the Debtors, including their business operations, their capital and debt structure and the events leading to the filing of these chapter 11 cases, is set forth in detail in the First-Day Declaration.

3.    On the Petition Date, each of the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code.  The Debtors continue to manage and operate their businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.  The Debtors' chapter 11 cases have been jointly administered by order of this Court.  No trustees or examiners have been appointed in these cases.  On July 10, 2013, the United States Trustee appointed an official committee of unsecured creditors (the "Creditors' Committee").

**RELIEF REQUESTED**

4.    By this Application, the Debtors seek entry of an order, under section 327(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Bankruptcy Rules 2014-1 and 2016-1, authorizing the employment and retention of EY LLP, *nunc pro tunc* to July 18, 2013, to perform certain restructuring services as further described below and pursuant to the terms and conditions set forth in that certain master services agreement attached as Exhibit 1-A to the Lehon Declaration (the "MSA"), and incorporated statement of work for certain restructuring services attached to the Lehon Declaration as Exhibit 1-B thereto (the "Restructuring Services SOW").  The MSA and Restructuring Services SOW are collectively referred to herein as the "Engagement Letter."[2]

---

[2]    Any description of the terms of the Engagement Letter set forth in this Application is provided for convenience only and is subject to the actual terms of the Engagement Letter.

3

5.    The Debtors selected EY LLP to provide the requested services because of EY LLP's experience, knowledge and reputation in providing restructuring services.  EY LLP regularly provides similar services to large and complex business entities.

## SERVICES TO BE PROVIDED

6.    As set forth in further detail in the Engagement Letter, EY LLP has agreed to provide certain restructuring services (the "Services") to the Debtors in connection with these chapter 11 cases, subject to approval of the Engagement Letter.  Subject to the detailed description in the Engagement Letter, a summary description of the Services is set forth below:

(a)    Advising management on the preparation of the Debtors' Statements of Financial Affairs and Schedules of Assets and Liabilities;

(b)    Advising management with respect to the form and content of the reports developed by management for submission to the Court on a monthly basis;

(c)    Advising management on the preparation and circulation of communications with creditors and other constituents;

(d)    Advising Debtors in facilitating document production for data room and discovery requests as appropriate;

(e)    Advising Debtors in responding to information or due diligence requests of parties in interest; and

(f)    Providing other services as may be agreed in writing and approved by the Bankruptcy Court.

7.    The Debtors believe that EY LLP's services will complement, and not duplicate, the services rendered by any other professional retained in these chapter 11 cases.  The Debtors will use reasonable efforts to ensure that there is no duplication of the services that EY LLP is being retained to perform.

4

## EY LLP'S DISINTERESTEDNESS

8.    To the best of the Debtors' knowledge, information, and belief, and except as set forth herein or in the Lehon Declaration attached hereto, EY LLP: (a) is not a creditor, equity security holder, or insider of the Debtors; (b) is not and was not, within two years prior to the Petition Date, a director, officer, or employee of the Debtors; (c) does not have any interest materially adverse to the interests of the estates or any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with or interest in the Debtors, or for any other reason; (d) is not related to any judge of this Court, the United States Trustee for the Southern District of New York (the "UST"), or the Assistant UST assigned to these cases; and (e) does not have any connections with any of the Debtors or their affiliates (except with respect to this engagement), the Debtors' creditors, any other party in interest, or their respective attorneys and accountants.

9.    Accordingly, the Debtors submit that EY LLP is "disinterested" within the meaning of section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code. The Debtors further submit that EY LLP's employment is appropriate under section 327(a) of the Bankruptcy Code and is in the best interests of the estates.

10.    The Debtors' knowledge, information, and belief regarding the foregoing matters set forth herein are based upon, and made in reliance on, the Lehon Declaration. The Debtors are informed that EY LLP routinely updates its connections checks approximately every 6 months, and in the event that EY LLP discovers additional connections with parties in interest, EY LLP will file a supplemental declaration.

5

## PROFESSIONAL FEES AND EXPENSES

11.    Subject to the Court's approval and pursuant to the terms and conditions of the Engagement Letter, the Debtors have agreed to compensate EY LLP for the Services rendered in these chapter 11 cases based on EY LLP's agreed hourly rates for such Services. EY LLP's applicable hourly rates or ranges of hourly rates for the Services, by classification of professional, are as follows:

| Title | Rate Per Hour |
|---|---|
| Partner, Principal and Executive Director | $725-895 |
| Senior Manager | $625-725 |
| Manager | $485-625 |
| Senior | $350-475 |
| Staff | $175-275 |

12.    EY LLP's hourly rates are revised periodically in the ordinary course of EY LLP's business, typically each July 1.

13.    In addition to the hourly rates set forth above, the Debtors and EY LLP have agreed that the Debtors shall reimburse EY LLP for any direct expenses incurred in connection with EY LLP's retention in these chapter 11 cases and the performance of the Services.  EY LLP's direct expenses shall include, but not be limited to, reasonable and customary out-of-pocket expenses for items such as travel, meals, accommodations and other expenses (including any fees or reasonable expenses of EY LLP's legal counsel) specifically related to EY LLP's engagement.

6

14.    EY LLP intends to apply to this Court for allowance of compensation for professional services rendered and reimbursement of expenses incurred in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the United States Trustee fee guidelines, and orders of this Court.

15.    If EY holds a prepetition claim at the time of the bankruptcy filing which cannot be recouped, such claim will be waived as of the entry of the retention order.

## NOTICE

16.    Notice of this Application has been given to (a) the United States Trustee for the Southern District of New York; (b) Holland & Knight LLP as counsel to the steering committee; (c) Akin Gump Strauss Hauer & Feld LLP as counsel to the Creditors' Committee; (d) the Securities and Exchange Commission; (e) the Internal Revenue Service; and (f) any such other party entitled to notice pursuant to Local Bankruptcy Rule 9013-1(b).  The Debtors submit that no other or further notice need be provided.

## NO PRIOR REQUEST

17.    No prior request for the relief requested herein has been made to this or any other Court.

**CONCLUSION**

WHEREFORE, the Debtors respectfully request this Court enter an order,

substantially in the form attached hereto as <u>Exhibit B</u>, (a) authorizing the Debtors to retain EY

LLP, *nunc pro tunc* to July 18, 2013, pursuant to the Engagement Letter, and (b) granting such

other and further relief as may be just and proper.

Dated: September 17, 2013

                          EXCEL MARITIME CARRIERS LTD., <u>et</u> <u>al.</u>

                    By:   <u>/s/     *Pavlos Kanellopoulos*</u>
                         Name:  Pavlos Kanellopoulos
                         Title:   Chief Financial Officer

## **EXHIBIT A**

**Lehon Declaration**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                                                                 :
In re:                                                           :    Chapter 11
                                                                 :
EXCEL MARITIME CARRIERS LTD., <u>et</u>                          :    Case No. 13-23060 (RDD)
<u>al.</u>,[1]                                                    :
                                                                 :
                              Debtors.                           :    (Jointly Administered)
                                                                 :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x


**DECLARATION OF IVAN R. LEHON IN SUPPORT OF DEBTORS' APPLICATION
FOR AN ORDER UNDER 11 U.S.C. § 327(a), FED R. BANKR. P. 2014 AND 2016 AND
L.B.R. S.D.N.Y. 2014-1 AND 2016-1 AUTHORIZING THE
EMPLOYMENT AND RETENTION OF ERNST & YOUNG LLP AS
RESTRUCTURING SERVICE PROVIDER FOR THE DEBTORS,
*NUNC PRO TUNC* TO JULY 18, 2013**


I, Ivan R. Lehon, under penalty of perjury, declare as follows:


1.      I am a partner of Ernst & Young LLP ("<u>EY LLP</u>").    I provide this

Declaration on behalf of EY LLP in support of the application (the "<u>Application</u>")[2] of Excel

---

The Debtors and the last four digits of their taxpayer identification numbers are as follows: Excel Maritime
Carriers LLC (9430), Excel Maritime Carriers Ltd. (2212), Amanda Enterprises Limited (8034),    Barland
Holdings Inc. (8057), Candy Enterprises Inc. (8053), Castalia Services Ltd. (8055), Centel Shipping
Company Limited (0861), Coal Gypsy Shipco LLC (2212), Coal Hunter Shipco LLC (2212), Coal Pride
Shipco LLC (2212), Fianna Navigation S.A. (8041), Fountain Services Limited (8054), Grain Express
Shipco LLC (2212), Grain Harvester Shipco LLC (2212), Harvey Development Corp. (8048), Ingram
Limited (8039), Iron Anne Shipco LLC (2212), Iron Beauty Shipco LLC (2212), Iron Bill Shipco  LLC
(2212), Iron Bradyn Shipco LLC (2212), Iron Brooke Shipco LLC (2212), Iron Fuzeyya Shipco LLC
(2212), Iron Kalypso Shipco LLC (2212), Iron Knight Shipco LLC (2212), Iron Lindrew Shipco LLC
(2212), Iron Manolis Shipco LLC (2212), Iron Miner Shipco LLC (2212), Iron Vassilis Shipco LLC
(2212), Kirmar Shipco LLC (2212), Liegh Jane Navigation S.A. (8043), Lowlands Beilun Shipco LLC
(2212), Marias Trading Inc. (8036), Ore Hansa Shipco LLC (2212), Pascha Shipco LLC (2212), Point
Holdings Ltd. (NA), Sandra Shipco LLC (2212), Santa Barbara Shipco LLC (2212), Snapper Marine Ltd.
(8051), Tanaka Services Ltd. (8037), Teagan Shipholding S.A. (8045), Thurman International Ltd. (NA),
Whitelaw Enterprises Co. (8050), and Yasmine International Inc. (8046).  The address for Excel Maritime
Carriers LLC is 777 Westchester Avenue, Suite 101, White Plains, New York USA 10604 and the address
for all other Debtors is c/o Excel Maritime Carriers Ltd., 17th KM National Road Athens, Lamia & Finikos
Street, 145 64 Nea Kifisia, Athens, Greece.

Maritime Carriers Ltd. and the other above-captioned debtors and debtors in possession (collectively, the "Debtors") to retain and employ EY LLP, pursuant to section 327(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules of the Southern District of New York (the "Local Rules"), *nunc pro tunc* to July 18, 2013, to provide services pursuant to the terms and conditions set forth in that certain master services agreement attached as Exhibit 1-A (the "MSA"), and incorporated statement of work for certain restructuring services (attached as Exhibit 1-B, the "Restructuring Services SOW"). The MSA and Restructuring Services SOW are collectively referred to herein as the "Engagement Letter."

2.     The facts set forth in this Declaration are based upon my personal knowledge, information and belief, and upon client matter records kept in the ordinary course of business that were reviewed by me or other employees of EY LLP under my supervision and direction. The procedures pursuant to which EY LLP determined whether there were any connections between EY LLP and interested parties in these chapter 11 cases are described below. The results of that investigation are set forth herein and in Exhibit 2 appended hereto.

### Scope of Services

3.     As set forth in further detail in the Engagement Letter, EY LLP has agreed to provide certain services (the "Services") in connection with these chapter 11 cases, subject to approval of the Court of the Application and the terms and conditions of the Engagement Letter. Subject to the detailed description in the Engagement Letter, the Services include:

---

[2]     Capitalized terms used herein as defined terms and not otherwise defined shall have those meanings ascribed to them in the Application.

(a)     Advising management on the preparation of the Debtors' Statements of
Financial Affairs and Schedules of Assets and Liabilities;

(b)     Advising management with respect to the form and content of the reports
developed by management for submission to the Court on a monthly basis;

(c)     Advising management on the preparation and circulation of
communications with creditors and other constituents;

(d)     Advising Debtors in facilitating document production for data room and
discovery requests as appropriate;

(e)     Advising Debtors in responding to information or due diligence requests
of parties in interest; and

(f)     Providing other services as may be agreed in writing and approved by the
Bankruptcy Court.

## Professional Compensation

4.      Pursuant to the terms and conditions of the Engagement Letter and subject
to this Court's approval, EY LLP intends to charge the Debtors for the Services rendered in these
chapter 11 cases based on its agreed hourly rates for the respective Services in question.  These
ranges of rates, by classification of professional, are set forth below.

| Title | Rate Per Hour |
|---|---|
| Partner, Principal and Executive Director | $725-895 |
| Senior Manager | $625-725 |
| Manager | $485-625 |
| Senior | $350-475 |
| Staff | $175-275 |

5.      EY LLP's hourly rates are revised periodically in the ordinary course of
EY LLP's business, typically each July 1.

6.      In addition to the fees set forth above, the Debtors and EY LLP have agreed that the Debtors shall reimburse EY LLP for any direct expenses incurred in connection with EY LLP's retention in these chapter 11 cases and the performance of the Services.   EY LLP's direct expenses shall include, but not be limited to, reasonable and customary out-of-pocket expenses for items such as travel, meals, accommodations, and other expenses (including any fees or reasonable expenses of EY LLP's legal counsel) specifically related to this engagement.

### Certain Terms of Engagement

7.      EY LLP's provision of Services to the Debtors is contingent upon the Court's approval of each term and condition set forth in the Engagement Letter, a copy of which is attached hereto.[3]   Included among the terms and conditions set forth in the MSA is language substantially similar to the following:

> Any controversy or claim with respect to, in connection with, arising out of, or in any way related to this Agreement or the services provided hereunder (including any such matter involving any parent, subsidiary, affiliate, successor in interest or agent of Company or its subsidiaries or of EY LLP) shall be brought in the Bankruptcy Court or the applicable district court (if such district court withdraws the reference) and the parties to this Agreement, and any and all successors and assigns thereof, consent to the jurisdiction and venue of such court as the sole and exclusive forum (unless such court does not have jurisdiction and venue of such claims or controversies) for the resolution of such claims, causes of action or lawsuits. The parties to this Agreement, and any and all successors and assigns thereof, hereby waive trial by jury, such waiver being informed and freely made.  If the Bankruptcy Court, or the district court upon withdrawal of the reference, does not have or retain jurisdiction over the foregoing claims or controversies, the parties to this Agreement and any and all successors and assigns thereof, agree to submit first to nonbinding mediation; and, if mediation is not successful, then to binding arbitration, in accordance with the dispute resolution procedures as set forth in the attachment to this Agreement, which is incorporated

---

[3]      To the extent that this Declaration and the terms of the Engagement Letter or a portion thereof are inconsistent, the terms of the Engagement Letter shall control.

herein by reference.  Judgment on any arbitration award may be entered in any court having proper jurisdiction.  The foregoing is binding upon Company, EY LLP and any all successors and assigns thereof.

8.      In addition, included among the terms and conditions set forth in the

MSA is limitation of liability language substantially similar to the following:

The non-EY LLP signatories (and any others for whom Services are provided) may not recover from EY LLP, in contract or tort, under statute or otherwise, any consequential, incidental, indirect, punitive or special damages in connection with claims arising out of this Agreement or otherwise relating to the Services, including any amount for loss of profit, data or goodwill, whether or not the likelihood of such loss or damage was contemplated.

The non-EY LLP signatories (and any others for whom Services are provided) may not recover from EY LLP, in contract or tort, under statute or otherwise, aggregate damages in excess of the fees actually paid for the Services that directly caused the loss in connection with claims arising out of this Agreement or otherwise relating to the Services.  This limitation will not apply to losses caused by EY LLP's fraud or willful misconduct or to the extent prohibited by applicable law or professional regulations

The non-EY LLP signatories shall make any claim relating to the Services or otherwise under this Agreement no later than one year after they become aware (or ought reasonably to have become aware) of the facts giving rise to any alleged such claim, and in any event, no later than two years after the completion of the particular Services. This limitation will not apply to the extent prohibited by applicable law or professional regulations.

The non-EY LLP signatories may not make a claim or bring proceedings relating to the Services or otherwise under this Agreement against any other EY Firm or EY LLP's or its subcontractors, members, shareholders, directors, officers, partners, principals or employees ("EY Persons"). The non-EY LLP signatories shall make any claim or bring proceedings only against EY LLP. These limitations are intended to benefit the other EY Firms and all EY Persons, who shall be entitled to enforce them.

9.      The MSA also contains indemnification language with respect to

disclosure of reports or a third party's use or reliance on any report substantially similar to the

following:

To the fullest extent permitted by applicable law and professional
regulations, the non-EY LLP signatories shall indemnify EY LLP, the
other EY Firms and the EY Persons against all claims by third parties
(including the Debtors' affiliates and attorneys) and resulting
liabilities, losses, damages, costs and expenses (including reasonable
external and internal legal costs), or a third party's use of or reliance
on any Report (including Tax Advice) disclosed to it by you or at your
request.

10.     The Debtors or EY LLP may terminate the Engagement Letter or a portion

thereof at any time, but in any event the Engagement Letter will terminate upon the effective

date of the Debtors' confirmed chapter 11 plan, or liquidation of the Debtors' assets under

chapter 11 or chapter 7 of title 11 of the United States Code or otherwise.  Notwithstanding any

such termination, the provisions of the Engagement Letter set forth in the sections entitled

"Fees,"  "Fees and expenses generally," "Limitations," "Indemnity," "Term and termination,"

"Governing law and dispute resolution," and "Miscellaneous," including without limitation the

alternative dispute provision in the Engagement Letter, will remain operative and in full force

and effect regardless of any termination of the Engagement Letter and shall survive completion

of the Debtors' bankruptcy whether through a confirmed plan of reorganization, liquidation of

the Debtors' assets under chapter 11 or chapter 7 of title 11 of the United States code or

otherwise.  Upon any such termination of the Engagement Letter, the estate will remain obligated

to pay all accrued fees and expenses as of the effective date of such termination.

## Disclosure of Connections

11.     In connection with EY LLP's proposed retention by the Debtors, EY LLP

has requested from the Debtors the names of the following categories of entities:

(a)     Debtors;

(b)     Debtors' Attorneys (general counsel and special bankruptcy counsel);

(c)      Debtors' Other Professionals retained in connection with these Chapter 11 Cases;

(d)      Non-Debtor Affiliates;

(e)      Non-Debtor Affiliates' Attorneys;

(f)      Non-Debtor Affiliates' Other Professionals retained in connection with these Chapter 11 Cases;

(g)      Debtors' Officers;

(h)      Debtors' Officers' Attorneys retained in connection with these Chapter 11 Cases;

(i)      Debtors' Officers' Other Business Affiliations;

(j)      Debtors' Directors;

(k)      Debtors' Directors' Attorneys retained in connection with these Chapter 11 Cases;

(l)      Debtors' Directors' Other Business Affiliations;

(m)      Debtors' Major Shareholders (5% or more);

(n)      Debtors' Major Shareholders' Attorneys retained in connection with these Chapter 11 Cases;

(o)      All Secured Lenders, including DIP lenders;

(p)      All Secured Lenders' Attorneys retained in connection with these Chapter 11 Cases;

(q)      All Substantial Unsecured Bondholders or Lenders;

(r)      All Substantial Unsecured Bondholders or Lenders' Attorneys retained in connection with these Chapter 11 Cases;

(s)      All Indenture Trustees;

(t)      All Indenture Trustees' Attorneys retained in connection with these Chapter 11 Cases;

(u)      Official Statutory Committees Members (All Committees);

(v)      Official Statutory Committees' Attorneys (for each Official Committee);

(w)    Official Statutory Committees' Other Professionals retained by each Official Committee;

(x)    Official Statutory Committees Members' Attorneys retained in connection with these Chapter 11 Cases;

(y)    Largest Unsecured Creditors List Parties (Up to 50);

(z)    Largest Unsecured Creditors' Attorneys retained in connection with these Chapter 11 Cases;

(aa)   Parties to the Debtors' Significant Executory Contracts and Leases;

(bb)   Parties to the Debtors' Significant Executory Contracts and Leases Attorneys retained in connection with these Chapter 11 Cases;

(cc)   Other Significant Parties-in-Interest including parties in material litigation against the Debtors; and/or parties to potential significant transactions with the Debtors; and

(dd)   Other Significant Parties-in-Interest Attorneys retained in connection with these Chapter 11 Cases.

12.    EY LLP has not received from the Debtors, or does not know of, any persons or entities that would fall into categories:  (e), (f), (h), (k), (n), and (dd).  As to the approximately 338 persons or entities identified in the remaining categories set forth above, EY LLP received from the Debtors lists of such parties, as listed on Exhibit 2 attached hereto, and searched or caused to be searched certain databases to determine whether EY LLP has provided in the recent past or is currently providing services to the parties-in-interest listed in Exhibit 2. To the extent that EY LLP's research of relationships with the parties-in-interest listed on Exhibit 2 indicated that EY LLP has had in the recent past, or currently has, a client relationship with such parties-in-interest in matters unrelated to these chapter 11 cases, EY LLP has so indicated in Exhibit 2.  Should additional significant relationships with parties-in-interest become known to EY LLP, a supplemental declaration will be filed by EY LLP with the Court.

13.    To the best of my knowledge, information and belief, formed after reasonable inquiry, except as otherwise set forth herein, none of the services rendered by EY

LLP to the entities set forth in <u>Exhibit 2</u> hereto have been in connection with the Debtors or these chapter 11 cases.  EY LLP believes that these relationships will not impair EY LLP's ability to objectively perform professional services on behalf of the Debtors.  EY LLP will not accept any engagement that would require EY LLP to represent an interest materially adverse to the Debtors.

14.    As part of its practice, EY LLP appears in cases, proceedings and transactions involving many different attorneys, financial advisors and creditors, some of which may represent or be claimants and/or parties in interest in these chapter 11 cases.  EY LLP will have no relationship with any such entity, attorney or financial advisor which relationship would be materially adverse to the Debtors.  EY LLP believes that the professionals closely associated with the Debtors' chapter 11 cases listed on <u>Exhibit 3</u> have provided in the past and/or are currently providing services to EY LLP.  Counsel for the Debtors, Skadden Arps Slate Meagher & Flom LLP, has provided in the past and is currently providing services to EY LLP in matters unrelated to the Debtors.

15.    EY LLP is currently a party or participant in certain litigation matters involving parties in interest in these chapter 11 cases.  Case information and the parties in interest involved in these matters are provided in <u>Exhibit 4</u> to this Declaration.

16.    EY LLP has thousands of professional employees.  It is possible that certain employees of EY LLP may have business associations with parties in interest in these chapter 11 cases or hold securities of the Debtors or interests in mutual funds or other investment vehicles that may own securities of the Debtors.

17.     Certain entities that are parties in interest are lenders to EY LLP:  JP Morgan Chase Bank, NA is a participant in EY LLP's revolving credit program.

18.     EY LLP may perform services for its clients that relate to the Debtors merely because such clients may be creditors or counterparties to transactions with the Debtors and such clients' assets and liabilities may thus be affected by the Debtors' status.  The disclosures set forth herein do not include specific indication of such services.  If such clients of EY LLP are potential parties in interest in these cases, Exhibit 2 attached hereto indicates that they are also clients of EY LLP.

19.     The Ernst & Young global network encompasses independent professional services practices conducted by separate legal entities throughout the world.  Such legal entities are members of Ernst & Young Global Limited ("EYGL"), a company incorporated under the laws of England and Wales and limited by guarantee, with no shareholders and no capital. The member firms of EYGL have agreed to operate certain of their professional practices in accordance with agreed standards but remain separate legal entities.  EY LLP is a member of EYGL.

20.     Pursuant to the MSA, EY LLP may subcontract a portion of the Services under the Engagement Letter to another member firm of EYGL, Ernst & Young UK ("EY UK"), provided however that EY LLP shall be and shall remain fully and solely responsible for all of the liabilities and obligations of EY LLP under the Engagement Letter, whether or not performed, in whole or in part, by EY LLP.  EY LLP will act as the clearinghouse for invoices submitted by EY UK.  This method of invoicing services will be more convenient to the Debtors because billing centralization through a single invoice facilitates the resolution of budgeting and foreign currency issues.  EY LLP will pay EY UK directly for its services, at cost, and will apply

to the Court for reimbursement by the Debtors of any such payments by EY LLP, without any markup.

21.     Other members of EYGL in foreign jurisdictions, including Ernst & Young (Hellas) in Greece, which has historically performed audit services, may have performed in the past and may continue to perform services for the  Debtors (subject to any Court approval) or companies related to the Debtors.

22.     EY LLP began providing Services post-petition as of July 18, 2013. Therefore, the Debtors and EY LLP request approval of the Application be granted as of July 18, 2013.

23.     EY LLP continues to research for connections to 3 parties in interest: Jefferies LLC, Knighthead Capital Management, LLC and Lehman Brothers International (Europe) (in administration).   To the extent that EY LLP's research reveals material client connections with the foregoing parties, EY LLP will supplement this declaration.

24.     EY LLP engages in the practice of public accountancy and provides accounting and other professional services. All partners of EY LLP are Certified Public Accountants (CPAs). Ernst & Young U.S. LLP (the owners of which are the CPA partners of EY LLP and non-CPA principals) provides infrastructure and support services to EY LLP, including the services of CPA and non-CPA personnel. These personnel work for and are under the supervision of EY LLP when performing client services.

25.     To the best of my knowledge, information, and belief, neither the undersigned nor the EY LLP professionals expected to assist the Debtor in these chapter 11 cases are connected to the United States Bankruptcy Court for the Southern District of New York, the

United States Trustee for Region 3, or Assistant United States Trustee for Region 3 assigned to this chapter 11 case.

26.    EY LLP was not owed any money for pre-petition services for the Debtors as of the Petition Date.   EY LLP did not receive payments from the Debtors during the 90 days prior to the Petition Date.

27.    EY LLP ordinarily updates its connections checks approximately every six months.

28.    Despite the efforts described above to identify and disclose connections with parties-in-interest in these chapter 11 cases, because the Debtors are a large enterprise with numerous creditors and other relationships, EY LLP is unable to state with certainty that every client representation or other connection of EY LLP with parties-in-interest in these chapter 11 cases has been disclosed herein.  In this regard, if EY LLP discovers additional information that requires disclosure, EY LLP will file supplemental disclosures with the Court.

29.    EY LLP and the professionals that it employs are qualified to represent the Debtors in the matters for which EY LLP is proposed to be employed.

30.    Except as otherwise set forth herein, EY LLP has not shared or agreed to share any of its compensation in connection with this matter with any other person.

31.    To the best of my knowledge, information and belief formed after reasonable inquiry, EY LLP does not hold nor represent any interest materially adverse to the Debtors in the matters for which EY LLP is proposed to be retained.  The proposed employment of EY LLP is not prohibited by or improper under Bankruptcy Rule 5002.   Accordingly, I believe that EY LLP is eligible for employment and retention by the Debtors under the Bankruptcy Code.

32.    EY LLP intends to apply to the Court for payment of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Engagement Letter and any additional orders or procedures that may be established by the Court in these chapter 11 cases.

*{Signature Page Follows}*

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on _Sept 18_, 2013

_____

Ivan R. Lehon

## **Exhibit 1-A**

### **MSA**



**EY**

Building a better
working world

Ernst & Young LLP
5 Times Square
New York, NY 10036

Tel: +1 (212) 773 3000
ey.com

Excel Maritime Carriers Ltd                                          July 18, 2013
Attention: Pavlos Kanellopoulos
Chief Financial Officer
17th Km National Road Athens-Lamia & Finikos Street,
145 64 Nea Kifisia Athens, Greece

Dear Mr. Kanellopoulos:

Thank you for choosing Ernst & Young LLP ("we" or "EY") to perform professional services (the "Services") for Excel Maritime Carriers Ltd ("you" or "Client"), subsequent to Client filing a petition under Chapter 11 ("Chapter 11") of the United States Bankruptcy Code ("Bankruptcy Code") on or about July 1, 2013 with the United States Bankruptcy Court for the Southern District of New York ("Bankruptcy Court"). Our performance of Services is contingent upon the Bankruptcy Court's approval of our retention in accordance with the terms and conditions that are set forth in this Agreement. We appreciate the opportunity to assist you and look forward to working with you.

For each project that we agree to undertake for you, we will prepare a Statement of Work describing the particular Services, as well as any advice, presentations, or filings to be made, our fees therefor, and any other project-specific arrangements, shall be subject to approval of the Bankruptcy Court. All of the Services will be subject to the terms and conditions of this letter, its attachments, including the General Terms and Conditions, and the applicable Statement of Work (together, this "Agreement").

We may enter into Statements of Work with you for a period of one year following the date of this letter, although we may agree with you to extend that period, including by executing additional Statements of Work referencing this Agreement. This Agreement shall be effective as of July 18, 2013.

Please sign this letter in the space provided below to indicate your agreement with these arrangements and return it to Ivan Lehon at your earliest convenience. If you have any questions about any of these materials, please do not hesitate to contact Ivan Lehon so that we can address any issues you identify before we begin to provide any Services.

Very truly yours,

*Ernst + Young LLP*

AGREED:

Excel Maritime Carriers LTD.

By: _____

    Pavlos Kanellopoulos
    Chief Financial Officer

# General Terms and Conditions

## Our relationship with you

1. We will perform the Services in accordance with applicable professional standards, including those established by the American Institute of Certified Public Accountants ("**AICPA**").

2. We are a member of the global network of Ernst & Young firms ("**EY Firms**"), each of which is a separate legal entity.

3. We will provide the Services to you as an independent contractor and not as your employee, agent, partner or joint venturer. Neither you nor we have any right, power or authority to bind the other.

4. Subject to Bankruptcy Court approval, we may subcontract portions of the Services to other EY Firms, who may deal with you directly. Nevertheless, we alone will be responsible to you for the Reports (as defined in Section 11), the performance of the Services, and our other obligations under this Agreement. From time to time, non-CPA personnel may perform the Services.

5. We will not assume any of your management responsibilities in connection with the Services. We will not be responsible for the use or implementation of the output of the Services, although we may otherwise provide advice and recommendations to assist you in your management functions and making decisions.

## Your responsibilities

6. You shall assign a qualified person to oversee the Services. You are responsible for all management decisions relating to the Services, the use or implementation of the output of the Services and for determining whether the Services are appropriate for your purposes.

7. You shall provide (or cause others to provide) to us, promptly, the information, resources and assistance (including access to records, systems, premises and people) that we reasonably require to perform the Services.

8. To the best of your knowledge, all information provided by you or on your behalf ("**Client Information**") will be accurate and complete in all material respects. The provision of Client Information to us will not infringe any copyright or other third-party rights.

9. We will rely on Client Information made available to us and, unless we expressly agree otherwise, will have no responsibility to evaluate or verify it.

10. You shall be responsible for your personnel's compliance with your obligations under this Agreement.

## Our Reports

11. Any information, advice, recommendations or other content of any reports, presentations or other communications provide under this Agreement ("**Reports**"), other than Client Information, are for your internal use only (consistent with the purpose of the particular Services).

12. You may not disclose a Report (or any portion or summary of a Report) externally (including to your affiliates) or refer to us or to any other EY Firm in connection with the Services, except:

    (a) to your lawyers (subject to these disclosure restrictions), who may review it only to give you advice relating to the Services,

    (b) to the extent, and for the purposes, required by subpoena or similar legal process (of which you will promptly notify us),

    (c) to other persons (including your affiliates) with our prior written consent, who have executed an access letter substantially in the form we prescribe, or

    (d) to the extent it contains Tax Advice, as set forth in Section 13.

    If you are permitted to disclose a Report (or a portion thereof) externally, you shall not alter, edit or modify it from the form we provided.

13. You may disclose to anyone a Report (or a portion thereof) solely to the extent that it relates to tax matters, including tax advice, tax opinions, tax returns, or the tax treatment or tax structure of any transaction to which the Services relate ("**Tax Advice**"). With the exception of tax authorities, you shall inform those to whom you disclose Tax Advice that they may not rely on it for any purpose without our prior written consent.

14. You may incorporate into documents that you intend to disclose externally EY summaries, calculations or tables based on Client Information contained in a Report, but not our recommendations, conclusions or findings. However, you must assume sole responsibility for the contents of those documents and not refer to us or any other EY Firm in connection with them. This provision does not affect your ability to circulate Reports internally.

15. You may not rely on any draft Report. We shall not be required to update any final Report for circumstances of

which we become aware, or events occurring, after its delivery.

## Limitations

16. You (and any others for whom Services are provided) may not recover from us, in contract or tort, under statute or otherwise, any consequential, incidental, indirect, punitive or special damages in connection with claims arising out of this Agreement or otherwise relating to the Services, including any amount for loss of profit, data or goodwill, whether or not the likelihood of such loss or damage was contemplated.

17. You shall make any claim relating to the Services or otherwise under this Agreement no later than one year after you became aware (or ought reasonably to have become aware) of the facts giving rise to any alleged such claim and in any event, no later than two years after the completion of the particular Services. This limitation will not apply to the extent prohibited by applicable law or professional regulations.

18. You may not make a claim or bring proceedings relating to the Services or otherwise under this Agreement against any other EY Firm or our or its subcontractors, members, shareholders, directors, officers, partners, principals or employees ("**EY Persons**"). You shall make any claim or bring proceedings only against us. The provisions of Sections 16 through 18 are intended to benefit the other EY Firms and all EY Persons, who shall be entitled to enforce them.

## Indemnity

19. To the fullest extent permitted by applicable law and professional regulations, you shall indemnify us, the other EY Firms and the EY Persons against all claims by third parties (including your affiliates and attorneys) and resulting liabilities, losses, damages, costs and expenses (including reasonable external and internal legal costs) arising out of the disclosure of any Report (other than Tax Advice) or a third party's use of or reliance on any Report (including Tax Advice) disclosed to it by you or at your request.

## Intellectual property rights

20. We may use data, software, designs, utilities, tools, models, systems and other methodologies and know-how that we own or license ("**Materials**") in performing the Services. Notwithstanding the delivery of any Reports, we retain all intellectual property rights in the Materials (including any improvements or knowledge developed while performing the Services), and in any working papers compiled in connection with the Services (but not Client Information reflected in them).

21. Upon payment for particular Services and subject to the other terms of this Agreement, you may use the Reports relating to those Services, as well as any Materials owned by us that are included therein, solely to the extent necessary to use the Reports.

## Confidentiality

22. Except as otherwise permitted by this Agreement, neither of us may disclose to third parties the contents of this Agreement or any information (other than Tax Advice) provided by or on behalf of the other that ought reasonably to be treated as confidential and/or proprietary. Either of us may, however, disclose such information to the extent that it:

(a) is or becomes public other than through a breach of this Agreement,

(b) is subsequently received by the recipient from a third party who, to the recipient's knowledge, owes no obligation of confidentiality to the disclosing party with respect to that information,

(c) was known to the recipient at the time of disclosure or is thereafter created independently,

(d) is disclosed as necessary to enforce the recipient's rights under this Agreement,

(e) must be disclosed under applicable law, legal process or professional regulations; or

(f) is required to be filed with the Bankruptcy Court in connection with the Client's application to retain and employ EY (the "**Retention Application**").

23. Either of us may use electronic media to correspond or transmit information and such use will not in itself constitute a breach of any confidentiality obligations under this Agreement.

24. Unless prohibited by applicable law, we may provide Client Information to other EY Firms (which are listed at www.ey.com) and EY Persons, as well as external third parties providing services on our or their behalf, who may collect, use, transfer, store or otherwise process (collectively, "**Process**") it in various jurisdictions in which they operate in order to facilitate performance of the Services, to comply with regulatory requirements, to check conflicts, to provide financial accounting and other administrative support services or for quality and risk management purposes. We shall be responsible to you for maintaining the confidentiality of Client Information, regardless of where or by whom such information is Processed on our behalf.

25. With respect to any Services, if U.S. Securities and Exchange Commission auditor independence requirements apply to the relationship between you or

any of your associated entities and any EY Firm, you represent, to the best of your knowledge, as of the date of this Agreement and as of the date of each Statement of Work hereunder, that neither you nor any of your affiliates has agreed, either orally or in writing, with any other advisor to restrict your ability to disclose to anyone the tax treatment or tax structure of any transaction to which the Services relate. An agreement of this kind could impair an EY Firm's independence as to your audit or that of any of your affiliates, or require specific tax disclosures as to those restrictions. Accordingly, you agree that the impact of any such agreement is your responsibility.

## Data protection

26. If we Process Client Information that can be linked to specific individuals ("**Personal Data**"), we will Process it in accordance with Section 24 of this Agreement, as well as applicable law and professional regulations, including, where applicable, the European Union Safe Harbor program of the U.S. Department of Commerce, in which EY participates. We will require any service provider that Processes Personal Data on our behalf to adhere to such requirements. If any Client Information is protected health information under the Health Insurance Portability and Accountability Act, as amended, this Agreement is deemed to incorporate all of the terms otherwise required to be included in a business associate contract relating to such information.

27. You warrant that you have the authority to provide the Personal Data to us in connection with the performance of the Services and that the Personal Data provided to us has been Processed in accordance with applicable law. In order to provide the Services, we may need to access Personal Data consisting of protected health information, financial account numbers, Social Security or other government-issued identification numbers, or other data that, if disclosed without authorization, would trigger notification requirements under applicable law ("Restricted Personal Data"). In the event that we need access to such information, you will consult with us on appropriate measures (consistent with professional standards applicable to us) to protect the Restricted Personal Data, such as deleting or masking unnecessary information before it is made available to us, encrypting any data transferred to us, or making the data available for on-site review at a Client site. You will provide us with Restricted Personal Data only in accordance with mutually agreed protective measures.

## Fees and expenses generally

28. You shall pay our professional fees and specific expenses in connection with the Services as detailed in the applicable Statement of Work. You shall also reimburse us for other reasonable expenses incurred in performing the Services. Our fees are exclusive of taxes or similar charges, as well as customs, duties or tariffs

imposed in respect of the Services, all of which you shall pay (other than taxes imposed on our income generally). We may receive rebates in connection with certain purchases, which we use to reduce charges that we would otherwise pass on to you.

29. Subject to Bankruptcy Court approval, we may charge additional professional fees if events beyond our control (including your acts or omissions) affect our ability to perform the Services as originally planned or if you ask us to perform additional tasks.

30. If we are required by applicable law, legal process or government action to produce information or personnel as witnesses with respect to the Services or this Agreement, you shall reimburse us for any professional time and expenses (including reasonable external and internal legal costs) incurred to respond to the request, unless we are a party to the proceeding or the subject of the investigation.

## Force majeure

31. Neither you nor we shall be liable for breach of this Agreement (other than payment obligations) caused by circumstances beyond your or our reasonable control.

## Term and termination

32. This Agreement applies to the Services whenever performed after the date of your filing of a Chapter 11 petition (including before the date of this Agreement).

33. This Agreement shall terminate upon the completion of the Services. This Agreement and/or any or all Statements of Work may be terminated at any time by you or us, but in any event this Agreement including all Statements of Work will expire upon the effective date of your confirmed plan of reorganization, or liquidation of the your assets under Chapter 11 or 7 of the Bankruptcy Code, or otherwise.

34. You shall pay us for all work-in-progress, Services already performed, and expenses incurred by us up to and including the effective date of the termination of this Agreement. Payment is due within 30 days following receipt of our invoice for these amounts or as quickly as the Bankruptcy Code, Bankruptcy Rules, Local Rules and any relevant orders of the Bankruptcy Court allow.

35. The provisions of this Agreement, including Section 36, Section 14 and otherwise with respect to Reports, that give either of us rights or obligations beyond its termination shall continue indefinitely following the termination of this Agreement and shall survive completion of the Client's bankruptcy whether through a confirmed plan of reorganization under Chapter 11, liquidation of the Client's assets under Chapter 7 of the Bankruptcy Code, or otherwise, except that our

respective confidentiality obligations (other than those relating to Reports or under Section 14) shall continue thereafter for three years only.

## Governing law and dispute resolution

36. This Agreement, and any non-contractual matters or obligations arising out of this Agreement or the Services, including (without limitation) claims arising in tort, fraud, under statute or otherwise relating to the Services, or questions relating to the scope or enforceability of this Section 36, shall be governed by, and construed in accordance with, the laws of New York applicable to agreements made, and fully to be performed, therein by residents thereof. Any controversy or claim with respect to, in connection with, arising out of, or in any way related to this Agreement or the services provided hereunder (including any such matter involving any parent, subsidiary, affiliate, successor in interest or agent of Client or its subsidiaries or of EY) shall be brought in the Bankruptcy Court or the applicable district court (if such district court withdraws the reference) and the parties to this Agreement, and any and all successors and assigns thereof, consent to the jurisdiction and venue of such court as the sole and exclusive forum (unless such court does not have jurisdiction and venue of such claims or controversies) for the resolution of such claims, causes of action or lawsuits. The parties to this Agreement, and any and all successors and assigns thereof, hereby waive trial by jury, such waiver being informed and freely made. If the Bankruptcy Court, or the district court upon withdrawal of the reference, does not have or retain jurisdiction over the foregoing claims or controversies, the parties to this Agreement and any and all successors and assigns thereof, agree to submit first to nonbinding mediation; and, if mediation is not successful, then to binding arbitration, in accordance with the dispute resolution procedures as set forth in Appendix 1 to these Terms and Conditions. Judgment on any arbitration award may be entered in any court having proper jurisdiction. The foregoing is binding upon Client, EY and any all successors and assigns thereof.

## Miscellaneous

37. This Agreement constitutes the entire agreement between us as to the Services and the other matters it covers, and supersedes all prior agreements, understandings and representations with respect thereto, including any confidentiality agreements previously delivered. In addition, any policy, protocol, agreement (other than this Agreement) or other instrument, in whatever form, imposed at any time that purports to obligate EY, any other EY Firm or any EY Person with respect to the use of Client Information shall be void and of no further effect, and you shall not seek to enforce any such obligation. Except as expressly

provided otherwise herein, this Agreement does not modify the terms or provisions for other professional services executed prior to Client's filing of a Chapter 11 petition in the Bankruptcy Court.

38. Both of us may execute this Agreement (including Statements of Work), as well as any modifications thereto, by electronic means and each of us may sign a different copy of the same document. Both of us must agree in writing to modify this Agreement or any Statement of Work hereunder, subject to Bankruptcy Court approval, if necessary.

39. Each of us represents to the other that each person signing this Agreement or any Statement of Work hereunder on its behalf is expressly authorized to execute it and to bind such party to its terms. You also represent that this Agreement has, if necessary, been considered and approved by your Audit Committee. You represent that your affiliates and any others for whom Services are performed shall be bound by the terms of this Agreement.

40. You agree that we and the other EY Firms may, subject to professional obligations, act for other clients, including your competitors.

41. Neither of us may assign any of our rights, obligations or claims under this Agreement.

42. If any provision of this Agreement (in whole or part) is held to be illegal, invalid or otherwise unenforceable, the other provisions shall remain in full force and effect.

43. If there is any inconsistency between provisions in different parts of this Agreement, those parts shall have precedence as follows (unless expressly agreed otherwise): (a) the Cover Letter, (b) the applicable Statement of Work and any attachments thereto, (c) these General Terms and Conditions, and (d) other attachments to this Agreement.

44. Except as required in connection with the Retention Application, neither of us may use or reference the other's name, logo or trademarks publically without the other's prior written consent, although we may publically identify you as a client in connection with specific Services or generally and you may reference our name in Bankruptcy Court filings.

45. By agreement to the provision of the Services, we are not providing a guarantee to you that our performance of those services pursuant to the terms and conditions set forth in this Agreement will guarantee your successful reorganization under Chapter 11.

## Appendix 1

## Dispute resolution procedures

### Mediation

A party shall submit a dispute to mediation by written notice to the other party or parties. The mediator shall be selected by the parties. If the parties cannot agree on a mediator, the International Institute for Conflict Prevention and Resolution ("CPR") shall designate a mediator at the request of a party. Any mediator must be acceptable to all parties and must confirm in writing that he or she is not, and will not become during the term of the mediation, an employee, partner, executive officer, director, or substantial equity owner of any EY audit client.

The mediator shall conduct the mediation as he/she determines, with the agreement of the parties. The parties shall discuss their differences in good faith and attempt, with the mediator's assistance, to reach an amicable resolution of the dispute. The mediation shall be treated as a settlement discussion and shall therefore be confidential. The mediator may not testify for either party in any later proceeding relating to the dispute. The mediation proceedings shall not be recorded or transcribed.

Each party shall bear its own costs in the mediation. The parties shall share equally the fees and expenses of the mediator.

If the parties have not resolved a dispute within 90 days after written notice beginning mediation (or a longer period, if the parties agree to extend the mediation), the mediation shall terminate and the dispute shall be settled by arbitration. In addition, if a party initiates litigation, arbitration, or other binding dispute resolution process without initiating mediation, or before the mediation process has terminated, an opposing party may deem the mediation requirement to have been waived and may proceed with arbitration.

### Arbitration

The arbitration will be conducted in accordance with the procedures in this document and the CPR Rules for Non-Administered Arbitration ("Rules") as in effect on the date of the Agreement, or such other rules and procedures as the parties may agree. In the event of a conflict, the provisions of this document will control.

The arbitration will be conducted before a panel of three arbitrators, to be selected in accordance with the screened selection process provided in the Rules. Any issue concerning the extent to which any dispute is subject to arbitration, or concerning the applicability, interpretation, or enforceability of any of these procedures, shall be governed by the Federal Arbitration Act and resolved by the arbitrators. No potential arbitrator may be appointed unless he or she has agreed in writing to these procedures and has confirmed in writing that he or she is not, and will not become during the term of the arbitration, an employee, partner, executive officer, director, or substantial equity owner of any EY audit client.

The arbitration panel shall have no power to award non-monetary or equitable relief of any sort or to make an award or impose a remedy that (i) is inconsistent with the agreement to which these procedures are attached or any other agreement relevant to the dispute, or (ii) could not be made or imposed by a court deciding the matter in the same jurisdiction. In deciding the dispute, the arbitration panel shall apply the limitations period that would be applied by a court deciding the matter in the same jurisdiction, and shall have no power to decide the dispute in any manner not consistent with such limitations period.

Discovery shall be permitted in connection with the arbitration only to the extent, if any, expressly authorized by the arbitration panel upon a showing of substantial need by the party seeking discovery.

All aspects of the arbitration shall be treated as confidential. The parties and the arbitration panel may disclose the existence, content or results of the arbitration only in accordance with the Rules or applicable professional standards. Before making any such disclosure, a party shall give written notice to all other parties and shall afford them a reasonable opportunity to protect their interests, except to the extent such disclosure is necessary to comply with applicable law, regulatory requirements or professional standards.

The result of the arbitration shall be binding on the parties, and judgment on the arbitration award may be entered in any court having jurisdiction.

## __Exhibit 1-B__

**Restructuring Services SOW**



**Building a better working world**

Ernst & Young LLP
5 Times Square
New York, NY 10036

Tel: +1 (212) 773 3000
ey.com

### Statement of Work

This Statement of Work, dated July 31, 2013 (this "SOW"), is made by Ernst & Young LLP ("we" or "EY") and Excel Maritime Carriers Ltd., on behalf of itself and its affiliated entities, "you" or "Client"), pursuant to the Agreement, dated July 18, 2013(the "Agreement"), between EY and Client, which was executed in connection with the Client filing a petition under Chapter 11 of the United States Bankruptcy Code ("Chapter 11") on or about July 1, 2013 with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), and describes certain restructuring services that EY will perform for the Client during the Client's Chapter 11 proceedings. This SOW shall be effective as of July 18, 2013.

Except as otherwise set forth in this SOW, this SOW incorporates by reference, and is deemed to be a part of, the Agreement. The additional terms and conditions of this SOW shall apply only to the restructuring services covered by this SOW and not to services covered by any other Statement of Work pursuant to the Agreement (the "Services"). Capitalized terms used, but not otherwise defined, in this SOW shall have the meanings in the Agreement.

### Scope of services

EY will provide the following advisory services under this SOW to Client, contingent upon the Bankruptcy Court's approval of our retention in accordance with the terms and conditions that are set forth in the Agreement (inclusive of this SOW):

1. Advising management on the preparation of the Debtors' Statement of Financial Affairs and Schedules of Assets and Liabilities;

2. Advising management with respect to the form and content of the reports developed by management for submission to the Courts on a monthly basis;

3. Advising management on the preparation and circulation of communications with creditors and other constituents, including notices required under US Bankruptcy Court;

4. Advising Debtors in facilitating document production for data room and discovery requests as appropriate;

5. Advising Debtors in responding to information / due diligence requests of parties in interest; and

6. Providing other services requested by Client. The Services may be modified from time to time by our mutual written agreement and approval of the Bankruptcy Court.

The Services may be modified from time to time by our mutual written agreement and approval of the Bankruptcy Court, if required.

## Limitations on scope

You have retained us to act solely as your restructuring service provider and not in any fiduciary or agency capacity, for you, any other entity, or on your behalf.

We will not identify, address or correct any errors or defects in your computer systems (or those of the Business), other devices or components thereof ("Systems"), whether or not due to imprecise or ambiguous entry, storage, interpretation or processing or reporting of data. We will not be responsible for any defect or problem arising out of or related to data processing in any Systems.

We will not, in connection with the performance of the Services or otherwise, (i) act as a broker for the sale of any securities, (ii) solicit any potential buyer or seller (including you) to engage in any transaction, or (iii) act as a negotiator of a transaction.

Client acknowledges and agrees that, whether or not this SOW has been approved by the Bankruptcy Court at the time any Report[1] is rendered, any such Report rendered by EY prior to the delivery of its final Report is preliminary in nature and cannot be relied upon for any purpose, including penalty protection.

## Out-of-Scope Services

Any activities not described as Services, as indicated above under "Scope of services", are not covered by the fees stated herein.  These services will be considered outside the scope of this SOW and are the responsibility of Client to perform on a timely basis unless otherwise agreed by the parties in writing (in a separate SOW or an amendment to this SOW) and approved by the Bankruptcy Court.

## Your specific obligations

You will not, and you will not permit others to, quote or refer to the Reports, any portion, summary or abstract thereof, or to EY or any other EY Firm, in any document filed or distributed in connection with (i) a purchase or sale of securities to which the United States or state securities laws ("Securities Laws") are applicable, or (ii) periodic reporting obligations under Securities Laws. You will not contend that any provisions of Securities Laws could invalidate any provision of this Agreement.

You assume full responsibility for any financial statement and tax reporting issues relating to your business or assets.

We also draw your attention to the reservations set out in paragraph 5 of the General Terms and Conditions of the Agreement, as well as your management responsibilities under paragraph 6, your obligations under paragraphs 11 and 12, and your representation, as of the date hereof, under paragraph 26 thereof. You have obtained the prior approval of your Audit Committee for these Services, as applicable.

---

[1] "Report" is defined in the General Terms and Conditions as including all information, advice, recommendations, templates or other content of any reports, presentations, or other communications we provide to you.

**Specific additional terms and conditions**

The Services are advisory in nature. EY will not render an assurance report or assurance opinion under the Agreement, nor will the Services constitute an audit, review or examination of any entity's financial statements or prospective financial statements in accordance with generally accepted auditing standards or other applicable professional standards. None of the Services or any Reports will constitute any legal opinion or advice. We will not conduct a review to detect fraud or illegal acts, nor will we render any opinion as to the fairness or advisability of the proposed transaction or any other transaction.

The provisions of this SOW that give either of us rights beyond its termination shall survive any such termination under Chapter 7 or 11 of Title 11 of the United Bankruptcy Code, or otherwise.

Our Reports may contain advice or communications that may be privileged under Internal Revenue Code Section **7525**. If such information is provided to persons other than your management, directors, or your legal counsel involved in its preparation or responsible for determining whether to implement it, you may waive such privilege.

You should be aware that the Internal Revenue Code imposes a penalty on an underpayment of tax attributable to any disallowance of claimed tax benefits because a transaction entered into after March 30, 2010, lacks "economic substance." The penalty rate is 20 percent if the transaction is adequately disclosed to the IRS, with the penalty rate increased to 40 percent if the transaction is not adequately disclosed in the relevant tax return or attachment to that return. As the penalty is one of strict liability, a taxpayer cannot show reasonable cause for the avoidance of the economic substance penalty by establishing reliance on the tax advice of a qualified advisor. Accordingly, our Tax Advice cannot provide any assurance that the claimed tax benefits of a transaction entered into after March 30, 2010 would not be subject to disallowance by reason of a determination by the IRS or the courts that a transaction lacks economic substance or fails to meet the requirements of any similar rule of law, nor can Tax Advice that we provide be relied upon to protect against applicable penalties that may be asserted if it is determined that the transaction lacked economic substance where otherwise required.

Notwithstanding anything to the contrary in the Agreement or this SOW, we do not assume any responsibility for any third-party products, programs or services, their performance or compliance with your specifications or otherwise.

We will base any comments or recommendations as to the functional or technical capabilities of any products in use or being considered by you solely on information provided by their vendors, directly or through you. We are not responsible for the completeness or accuracy of any such information or for confirming any of it.

Where our written consent under the Agreement is required for you to disclose to a third party any of our Reports (other than Tax Advice), we will also require that third party to execute a non-reliance and release letter acceptable to us in form and substance.

If we receive a request from a third party for any information relating to our Tax Advice, we will notify you and will not release any such information unless you have executed an appropriate

1004523.01-NYCSR02A                                MSW - Draft September 11, 2013 - 11:29 PM

written consent authorizing such disclosure and the third party has executed a non-reliance and release letter acceptable to us in form and substance.

You acknowledge that you are operating in a financially distressed condition which could be the result of any number or combination of factors. Your ability to achieve any business plan, estimates of future cash flow, and/or any restructuring plan depends upon a variety of factors, including, without limitation, (a) future market conditions for your products, (b) future capital market conditions, (c) the cost and availability of financing, (d) the ability of your management to implement your business plan successfully, (e) your ability to retain and attract key management personnel, (f) your reputation among your customers and suppliers, and (g) the cost and availability of materials and services. We make no representation or warranty, and assume no responsibility with respect to any of these factors or with respect to your estimated cash flows, fair values or business plans or the assumptions underlying any thereof. You assume full responsibility for all such assumptions, as well as for their reasonableness, and for the implementation and ultimate achievability of any of your business plans, strategies, or estimates.

Subject to Bankruptcy Court approval, we may subcontract portions of the Services to Ernst & Young, LLP (UK) ("EY UK").  EY will pay EY UK directly for its services and will apply to the Bankruptcy Court for reimbursement by the Debtors of any such payments by EY.  For the avoidance of doubt, EY will seek reimbursement of the amounts paid to EY UK at EY's cost, and the amounts charged by EY UK to EY shall not be subject to any markup.

You represent and warrant that the prospective financial information (the "PFI") you provide us in connection with these Services (i) presents, to the best of your knowledge, your expected financial position, results of operations, and cash flows for the PFI period and (ii) is based on assumptions reflecting both the conditions you expect to exist and the course of action you expect to take during the PFI period.  We will not examine, compile, or apply agreed-upon procedures to the PFI in accordance with attestation standards established by AICPA, and we will not express any opinion, conclusion or assurance of any kind on the PFI presented.

You shall immediately disclose to us any information that might affect the ultimate realization of the PFI results.  You shall develop assumptions that have a reasonably objective basis and shall provide appropriate documentation supporting your assumptions.  We will make factual findings and observations about specific assumptions and components of the PFI where we have sufficient evidence of a reasonable basis for them.  We will not prepare, assemble or gather information necessary to prepare the PFI or the assumptions underlying it, nor will we assist you to do so.  If we are unable to conclude that your underlying assumptions provide a reasonable basis for the PFI, or if we determine that your documentation supporting your assumptions is insufficient, we may be unable to complete the Services and will not include the PFI in the Reports.

There usually will be differences between the PFI and actual results because events and circumstances frequently do not occur as expected, and those differences may be material. The Reports will contain a statement to that effect.  We have no responsibility to update the Reports in light of events or circumstances occurring after the date thereof.

We will not prepare, assemble, formulate, develop or process the PFI data or assumptions used to generate the PFI.  Our Report may include tables aggregating quantified vulnerabilities to illustrate the effects of possible alternative assumptions.  These tables, if presented, are not a restatement of the PFI, or preparation of revised PFI; they are provided as a means of summarizing our findings and to assist you in the assessment of their implications for the proposed transaction.  You represent and warrant that you have the knowledge, experience and ability to form your own conclusions related to the PFI.

**Contacts**

You have identified Pavlos Kanellopoulos as your contact with whom we should communicate about these Services. Your contact at EY for these Services will be Ivan Lehon.

**Engagement Team**

Ivan Lehon (Partner) and Jason Jack (Senior Manager) will lead the EY team in providing the Services.  If either of these individuals ceases to provide services to the Client pursuant to the Agreement, EY will so advise the Client and, if that person is replaced, provide the Client with the name of the professional's replacement.  Other staff, not identified herein, may be utilized as required to conduct our work in an efficient manner.

**Fees**

The General Terms and Conditions of the Agreement address our fees and expenses generally.

You shall pay fees for the Services, which fees are based on the time that our professionals spend performing them, as adjusted annually on July 1 while the Services under this SOW are being performed.  The rates, by level of professional, are as follows:

| Title | Rate Per Hour |
| --- | --- |
| Executive Director/Principal/Partner | $725 - $895 |
| Senior Manager | $625 - $725 |
| Manager | $485 - $625 |
| Senior | $350 - $475 |
| Staff | $175 - $275 |

You shall also pay any potential value-added taxes (VAT), sales taxes, and other indirect taxes incurred in connection with the delivery of the Services, including any such taxes and related administrative costs that result from billing arrangements specifically requested by you.

The Client shall reimburse EY for its direct expenses incurred in connection with the performance of the Services which shall include reasonable and customary out-of-pocket expenses for items such as travel (air fare and ground transportation), hotel, meals, accommodations, telephone, facsimile, overnight mail, messenger services and other expenses specifically relating to the applicable Services.  Non-working travel time will be billed at 50% of the rates quoted above.

EY will provide current IRS issued documentation in the form of a Certificate of Residency, Form 6166 and will execute the required Greek tax declaration in accordance with standard billing obligations in order to provide proof of eligibility under the Greece - US Treaty for the Avoidance of Double Taxation. Therefore, Excel will not impose Greek withholding tax on payments to EY US.

We will submit an itemized and detailed billing statement, and we will request payment of our fees and expenses, in accordance with the United States Bankruptcy Code (the "Bankruptcy Code"), the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Local Rules for the United States Bankruptcy Court for the Southern District of New York ("Local Rules") and any relevant administrative orders. We will submit our invoices as the work progresses and payment of them will be made upon receipt, or as quickly as the Bankruptcy Code, the Bankruptcy Rules, Local Rules and any relevant administrative orders allow.

We acknowledge that payment of our fees and expenses hereunder is subject to (i) the jurisdiction and approval of the Bankruptcy Court under Sections 330 and 331 of the Bankruptcy Code, any order of the Bankruptcy Court approving the retention of us and the U.S. Trustee Guidelines, (ii) any applicable fee and expense guidelines and/or orders and (iii) any requirements governing interim and final fee applications.

In witness whereof, the parties have executed this SOW as of the date set forth above.

Ernst & Young LLP

*Ernst & Young LLP*

**Excel Maritime Carriers LTD.**

By: _____
Name: Pavlos Kanellopoulos
Title: Chief Financial Officer

Sep 17 2013

**<u>Exhibit 2</u>**

**Parties in Interest**

| Category | PIIL | No Connection | Prior Connection | Current Connection |
|---|---|---|---|---|
| | | | | |
| Debtor | Amanda Enterprises Limited | | | x |
| Debtor | Barland Holdings Inc. | | | x |
| Debtor | Candy Enterprises Inc. | | | x |
| Debtor | Castalia Services Ltd. | | | x |
| Debtor | Centel Shipping Company Limited | | | x |
| Debtor | Coal Gypsy Shipco LLC | | | x |
| Debtor | Coal Hunter Shipco LLC | | | x |
| Debtor | Coal Pride Shipco LLC | | | x |
| Debtor | Excel Maritime Carriers LLC | | | x |
| Debtor | Excel Maritime Carriers Ltd. | | | x |
| Debtor | Fianna Navigation S.A. | | | x |
| Debtor | Fountain Services Limited | | | x |
| Debtor | Grain Express Shipco LLC | | | x |
| Debtor | Grain Harvester Shipco LLC | | | x |
| Debtor | Harvey Development Corp. | | | x |
| Debtor | Ingram Limited | | | x |
| Debtor | Iron Anne Shipco LLC | | | x |
| Debtor | Iron Beauty Shipco LLC | | | x |
| Debtor | Iron Bill Shipco LLC | | | x |
| Debtor | Iron Bradyn Shipco LLC | | | x |
| Debtor | Iron Brooke Shipco LLC | | | x |
| Debtor | Iron Fuzeyya Shipco LLC | | | x |
| Debtor | Iron Kalypso Shipco LLC | | | x |
| Debtor | Iron Knight Shipco LLC | | | x |
| Debtor | Iron Lindrew Shipco LLC | | | x |
| Debtor | Iron Manolis Shipco LLC | | | x |
| Debtor | Iron Miner Shipco LLC | | | x |
| Debtor | Iron Vassillis Shipco LLC | | | x |
| Debtor | Kirmar Shipco LLC | | | x |
| Debtor | Liegh Jane Navigation S.A. | | | x |
| Debtor | Lowlands Beilun Shipco LLC | | | x |
| Debtor | Marias Trading Inc. | | | x |
| Debtor | Minta Holdings S.A. | | | x |
| Debtor | Odell Internaitonal Ltd. | | | x |
| Debtor | Ore Hansa Shipco LLC | | | x |
| Debtor | Pascha Shipco LLC | | | x |
| Debtor | Point Holdings Ltd. | | | x |
| Debtor | Sandra Shipco LLC | | | x |
| Debtor | Santa Barbara Shipco LLC | | | x |
| Debtor | Snapper Marine Ltd. | | | x |
| Debtor | Tanaka Services Ltd. | | | x |
| Debtor | Teagan Shipholding S.A. | | | x |
| Debtor | Thurman International Ltd. | | | x |
| Debtor | Whitelaw Enterprises Co. | | | x |
| Debtor | Yasmine International Inc. | | | x |
| Non Debtor Affiliate | Barbara Shipco LLC | | | x |
| Non Debtor Affiliate | Bird Acquisition Corp. | | | x |
| Non Debtor Affiliate | Christine Shipco Holdings Corp | | | x |
| Non Debtor Affiliate | Christine Shipco LLC (DVB Credit Facility) | | | x |
| Non Debtor Affiliate | Coal Age Shipco LLC | | | x |
| Non Debtor Affiliate | Coal Glory Shipco LLC | | | x |
| Non Debtor Affiliate | Fearless Shipco LLC | | | x |
| Non Debtor Affiliate | Iron Man Shipco LLC | | | x |
| Non Debtor Affiliate | King Coal Shipco LLC | | | x |
| Non Debtor Affiliate | Linda Leah Shipco LLC | | | x |
| Non Debtor Affiliate | Magalie Investments Co. | | | x |
| Non Debtor Affiliate | Maryville Maritime Inc. | | | x |
| Non Debtor Affiliate | Melba Management Ltd | | | x |
| Non Debtor Affiliate | Naia Development Corp. | | | x |
| Debtors Attorney | Skadden, Arps, Slate, Meagher & Flom LLP | | x | x |
| Debtors Other Professionals | Akin Gump | | x | |
| Debtors Other Professionals | Al Kamel Law | x | | |
| Debtors Other Professionals | Alexandra Sheppard | x | | |
| Debtors Other Professionals | Appleby | x | | |

| Category | PIIL | No Connection | Prior Connection | Current Connection |
|---|---|---|---|---|
| Debtors Other Professionals | Arias, Fabrega & Fabrega | x | | |
| Debtors Other Professionals | Birketts Llp | x | | |
| Debtors Other Professionals | Bracewell & Giuliani LLP | | x | |
| Debtors Other Professionals | Brenda Chark & Co. | x | | |
| Debtors Other Professionals | Brown Gavalas & Fromm Llp | x | | |
| Debtors Other Professionals | Campbell Johnston Clark Llp | x | | |
| Debtors Other Professionals | Carreira Pitti P.C. Abogados | x | | |
| Debtors Other Professionals | Chaffe Mcall Llp | x | | |
| Debtors Other Professionals | Clyde & Co Llp | x | | |
| Debtors Other Professionals | Constant & Constant | x | | |
| Debtors Other Professionals | Conyers Dill & Pearman Limited | x | | |
| Debtors Other Professionals | David Angelo Abesames, Philippines | x | | |
| Debtors Other Professionals | Dr. Ulrich Stahl Lebuhn & Puchta | x | | |
| Debtors Other Professionals | Elias Arosemena - Attorney, Panama | x | | |
| Debtors Other Professionals | Ernst Young (Hellas) Certified Auditors Accountants S.A. | x | | |
| Debtors Other Professionals | Essex Court Chambers | x | | |
| Debtors Other Professionals | Fenech & Fenech | x | | |
| Debtors Other Professionals | Ganado & Associates | x | | |
| Debtors Other Professionals | Gerli-Wren & Co. | x | | |
| Debtors Other Professionals | Global Hunter | x | | |
| Debtors Other Professionals | Global Maritime Partners, Inc. | x | | |
| Debtors Other Professionals | Halpern Mark T. Law Office | x | | |
| Debtors Other Professionals | Higgs & Johnson | x | | |
| Debtors Other Professionals | Hill Dickinson LLP | x | | |
| Debtors Other Professionals | Holland & Knight | | | x |
| Debtors Other Professionals | Holman Fenwick & Willan LLP | x | | |
| Debtors Other Professionals | Hughes Hubbard | x | | |
| Debtors Other Professionals | Ince & Co | x | | |
| Debtors Other Professionals | Jefferies LLC | | | |
| Debtors Other Professionals | Jipyong Jisung | x | | |
| Debtors Other Professionals | John N. Habeishy Law Firm | x | | |
| Debtors Other Professionals | Kim & Chang | | x | |
| Debtors Other Professionals | Kincaid Mendes Vianna Advogados | x | | |
| Debtors Other Professionals | Liaquat Merchant Associates | x | | |
| Debtors Other Professionals | McKool Smith | | | x |
| Debtors Other Professionals | Miller Buckfire | | x | |
| Debtors Other Professionals | Morgan & Morgan- Attorneys At Law | x | | |
| Debtors Other Professionals | Morgan Lewis & Bockius LLP | | | x |
| Debtors Other Professionals | Norton Rose Llp | x | | |
| Debtors Other Professionals | Papaphilippou L. & Co. LLC | x | | |
| Debtors Other Professionals | Patton, Moreno & Asvat | x | | |
| Debtors Other Professionals | Paul, Weiss, Rifkind, Wharton & Garrison LLP | x | | |
| Debtors Other Professionals | Phelps Dunbar Llp | | x | |
| Debtors Other Professionals | Poles Tublin Stratakis & Gonzalez, LLP | x | | |
| Debtors Other Professionals | Prashant S. Pratar Law Office | x | | |
| Debtors Other Professionals | Python & Peter | x | | |
| Debtors Other Professionals | Rajah & Tann Llp | x | | |
| Debtors Other Professionals | Reeder & Simpson P.C. | x | | |
| Debtors Other Professionals | Reedsmith Richards Butler Llp | x | | |
| Debtors Other Professionals | Schmitz & Partner Rechtsanwalte | x | | |
| Debtors Other Professionals | Scorinis Law Offices | x | | |
| Debtors Other Professionals | Seward & Kissel LLP | | | x |
| Debtors Other Professionals | Shepstone & Wyllie | x | | |
| Debtors Other Professionals | Stephenson Harwood LLP | x | | |
| Debtors Other Professionals | The Blackstone Group | | | x |
| Debtors Other Professionals | Thomas Cooper Law Firm | x | | |
| Debtors Other Professionals | Thompson Hine L.L.P. | | | x |
| Debtors Other Professionals | Timagenis Law Firm | x | | |
| Debtors Other Professionals | Vuskovic, Aramburu, Escalante & Asociados | x | | |
| Debtors Other Professionals | Waterson Hicks | x | | |
| Debtors Other Professionals | Watson, Farley And Williams LLP | x | | |
| Debtors Other Professionals | Weil, Gotshal & Manges | | | x |
| Debtors Major Shareholder | Amci Acquisition II LLC | x | | |

| Category | PIIL | No Connection | Prior Connection | Current Connection |
|---|---|---|---|---|
| Debtors Major Shareholder | Argon SA | x | | |
| Debtors Major Shareholder | Boston Industries S.A. | x | | |
| Debtors Major Shareholder | Gabriel Villy Panayotides | x | | |
| Debtors Major Shareholder | Ismini Panayotides | x | | |
| Debtors Major Shareholder | Ivory Shipping Inc. | x | | |
| Debtors Major Shareholder | Jake Trading Inc. | x | | |
| Debtors Major Shareholder | Lhada Holdings Inc. | x | | |
| Debtors Major Shareholder | Norma Investment Co Ltd. | x | | |
| Debtors Major Shareholder | Tanew Holdings Inc. | x | | |
| Debtors Directors | Apostolos Kontoyannis | x | | |
| Debtors Directors | Evangelos Macris | x | | |
| Debtors Directors | Frithjof Platou | x | | |
| Debtors Directors | Gabriel Villy Panayotides | x | | |
| Debtors Directors | Trevor J. Williams | x | | |
| Debtors Officers | Gabriel Villy Panayotides | x | | |
| Debtors Officers | Ismini Panayotides | x | | |
| Debtors Officers | Pavlos Kanellopoulos | x | | |
| Debtors Officers | Vassilis Gkarametsis | x | | |
| All Secured Lenders including DIP lender | ABN AMRO | | x | |
| All Secured Lenders including DIP lender | ABN Credit Facililty (SAME) | | x | |
| All Secured Lenders including DIP lender | Angelo Gordon & Co. | | x | |
| All Secured Lenders including DIP lender | BNP Paribas | | x | x |
| All Secured Lenders including DIP lender | Credit Suisse | | | x |
| All Secured Lenders including DIP lender | Credit Suisse | | | x |
| All Secured Lenders including DIP lender | Credit Suisse Credit Facility (SAME) | | | x |
| All Secured Lenders including DIP lender | Deutsche Bank AG | | | x |
| All Secured Lenders including DIP lender | Deutsche Trust Company Americas | | | x |
| All Secured Lenders including DIP lender | DVB Bank | | x | |
| All Secured Lenders including DIP lender | DVB Bank SE | | x | |
| All Secured Lenders including DIP lender | DVB Credit Facility (Secured Lenders)_ | x | | |
| All Secured Lenders including DIP lender | Goldman Sachs International Bank | | | x |
| All Secured Lenders including DIP lender | HSH Nordbank AG | | x | x |
| All Secured Lenders including DIP lender | Landesbank Hessen | x | | |
| All Secured Lenders including DIP lender | National Bank of Greece | x | | |
| All Secured Lenders including DIP lender | Natixis | | x | x |
| All Secured Lenders including DIP lender | Nordea Syndicate Facility: | x | | |
| All Secured Lenders including DIP lender | Oaktree Capital Management | | x | x |
| All Secured Lenders including DIP lender | Silver Oak Capital LLC | x | | |
| All Secured Lenders including DIP lender | Skandinaviska Enskilda Banken | | x | |
| All Substantial Unsecured Bondholder or Lender | Albert Fried & Company LLC | x | | |
| All Substantial Unsecured Bondholder or Lender | Basso Capital Management, L.P. | x | | |
| All Substantial Unsecured Bondholder or Lender | Coal Glory AS | x | | |

| Category | PIIL | No Connection | Prior Connection | Current Connection |
|---|---|---|---|---|
| All Substantial Unsecured Bondholder or Lender | Counter-Parties to Bareboat Charter Agreements | x | | |
| All Substantial Unsecured Bondholder or Lender | David R Eidelman | x | | |
| All Substantial Unsecured Bondholder or Lender | Deutsche Bank Securities, Inc. | | | x |
| All Substantial Unsecured Bondholder or Lender | Ensign Peak Advisors | x | | |
| All Substantial Unsecured Bondholder or Lender | Fidelity Management & Research Company | x | | |
| All Substantial Unsecured Bondholder or Lender | Iron Man AS | x | | |
| All Substantial Unsecured Bondholder or Lender | J.P. Morgan Securities (U.S.) | | x | x |
| All Substantial Unsecured Bondholder or Lender | Janet H Foisie | x | | |
| All Substantial Unsecured Bondholder or Lender | Kamunting Street Capital Management, L.P. | x | | |
| All Substantial Unsecured Bondholder or Lender | Knighthead Capital Management, LLC | | | |
| All Substantial Unsecured Bondholder or Lender | KUNUK Mobiliengesellschaft mbH & Co. KG KUNUK Mobiliengesellschaft mbH & Co. KG | x | | |
| All Substantial Unsecured Bondholder or Lender | Lazard Asset Management, LLC (U.S.) | x | | |
| All Substantial Unsecured Bondholder or Lender | Lehman Brothers International (Europe) (in administration) | | | |
| All Substantial Unsecured Bondholder or Lender | Linda Estell | x | | |
| All Substantial Unsecured Bondholder or Lender | Linda Leah AS | x | | |
| All Substantial Unsecured Bondholder or Lender | Lyxorr/Lazard Rathmore Fund Ltd. | x | | |
| All Substantial Unsecured Bondholder or Lender | Matterhorn Investment Management, LLP | x | | |
| All Substantial Unsecured Bondholder or Lender | Octagon Insurance Group LTD. | x | | |
| All Substantial Unsecured Bondholder or Lender | Phoenix Investment Adviser, LLC | x | | |
| All Substantial Unsecured Bondholder or Lender | Robert A Foisie | x | | |
| All Substantial Unsecured Bondholder or Lender | Sea Class 10 GmbH & Co. KG | x | | |
| All Substantial Unsecured Bondholder or Lender | Sea Class 9 GmBH & Co. KG | x | | |
| All Substantial Unsecured Bondholder or Lender | Telemetry Securities | x | | |
| All Substantial Unsecured Bondholder or Lender | Tenor Capital Management Company, L.P. | x | | |
| All Substantial Unsecured Bondholder or Lender | ValueWorks Capital Management, LLC | x | | |
| All Substantial Unsecured Bondholder or Lender | W&L LLC | x | | |
| Parties to the Debtors Significant Executory Contracts and Leases | AIG | | | x |
| Parties to the Debtors Significant Executory Contracts and Leases | All Risk Insurance Brokers | x | | |
| Parties to the Debtors Significant Executory Contracts and Leases | Allied Maritime Inc. | x | | |
| Parties to the Debtors Significant Executory Contracts and Leases | Almagrario | x | | |
| Parties to the Debtors Significant Executory Contracts and Leases | AXA | x | | |
| Parties to the Debtors Significant Executory Contracts and Leases | Chartis Europe Limited f/k/a Chartis Insurance (UK) Limited | x | | |

| Category | PIIL | No Connection | Prior Connection | Current Connection |
|---|---|:---:|:---:|:---:|
| Parties to the Debtors Significant Executory Contracts and Leases | Chimbusco BV Europe | x | | |
| Parties to the Debtors Significant Executory Contracts and Leases | Confianza Seguros | x | | |
| Parties to the Debtors Significant Executory Contracts and Leases | EF U General Insurance Limited | x | | |
| Parties to the Debtors Significant Executory Contracts and Leases | Evmar Marine Services Ltd. | x | | |
| Parties to the Debtors Significant Executory Contracts and Leases | Hellenic Mutual War Risks Association | x | | |
| Parties to the Debtors Significant Executory Contracts and Leases | Kunuk Mobiliengesellschaft MBH & Co. KG | x | | |
| Parties to the Debtors Significant Executory Contracts and Leases | Lloyds of London (Beazley syndicate) | | x | |
| Parties to the Debtors Significant Executory Contracts and Leases | Lloyds Syndicate 1221 | | x | |
| Parties to the Debtors Significant Executory Contracts and Leases | Lloyds Syndicate 2003 | | x | |
| Parties to the Debtors Significant Executory Contracts and Leases | Louis Dreyfus Commodities Italia S.P.A. | x | | |
| Parties to the Debtors Significant Executory Contracts and Leases | Mapfre Seguros | x | | |
| Parties to the Debtors Significant Executory Contracts and Leases | National Insurance Brokers SA | x | | |
| Parties to the Debtors Significant Executory Contracts and Leases | Navigators (Insurance) | x | | |
| Parties to the Debtors Significant Executory Contracts and Leases | North of England P&I Association Ltd | x | | |
| Parties to the Debtors Significant Executory Contracts and Leases | Omer Iqbal Solvent (Pvt) Ltd. | x | | |
| Parties to the Debtors Significant Executory Contracts and Leases | San Fernando S.A. | x | | |
| Parties to the Debtors Significant Executory Contracts and Leases | Satsuma Shipping S.A. | x | | |
| Parties to the Debtors Significant Executory Contracts and Leases | Sea Class 10 GMBH & Co | x | | |
| Parties to the Debtors Significant Executory Contracts and Leases | Sea Class 9 GMBH & Co | x | | |
| Parties to the Debtors Significant Executory Contracts and Leases | STX Panocean (Hong Kong) Co. Ltd. | x | | |
| Parties to the Debtors Significant Executory Contracts and Leases | Tangshan Ganglu Iron and Steel Co | x | | |
| Parties to the Debtors Significant Executory Contracts and Leases | The London P&I Club | x | | |
| Parties to the Debtors Significant Executory Contracts and Leases | Tours Executive Risks Ltd | x | | |
| Parties to the Debtors Significant Executory Contracts and Leases | UK P&I Club | x | | |
| Official Statutory Committees Member | Deutsche Bank Trust Company Americas | | | x |
| Official Statutory Committees Member | Fidelity Investments | | | x |
| Official Statutory Committees Member | Kayne Anderson Capital Advisors, L.P. | | | x |
| Official Statutory Committees Member | Silverback Asset Management, LLC | x | | |
| Official Statutory Committees Member | Zazove Associates, LLC | x | | |
| Other Significant Parties-in-Interest Material Litigation | ABN-AMRO | | x | |
| Other Significant Parties-in-Interest Material Litigation | Allan Gropper | x | | |
| Other Significant Parties-in-Interest Material Litigation | Alpha Bank | x | | |
| Other Significant Parties-in-Interest Material Litigation | Andrea B. Schwartz | x | | |
| Other Significant Parties-in-Interest Material Litigation | Andy Velez-Rivera | x | | |
| Other Significant Parties-in-Interest Material Litigation | Augustea Atlantica S.p.A | x | | |

| Category | PIIL | No Connection | Prior Connection | Current Connection |
|---|---|:---:|:---:|:---:|
| Other Significant Parties-in-Interest Material Litigation | Brian S. Masumoto | x | | |
| Other Significant Parties-in-Interest Material Litigation | Bunge Geneva S.A. | x | | |
| Other Significant Parties-in-Interest Material Litigation | Burton Lifland | x | | |
| Other Significant Parties-in-Interest Material Litigation | Cargill International SA, Geneva | x | | |
| Other Significant Parties-in-Interest Material Litigation | Cecelia Morris | x | | |
| Other Significant Parties-in-Interest Material Litigation | Charterers | x | | |
| Other Significant Parties-in-Interest Material Litigation | Commerzbank | | x | x |
| Other Significant Parties-in-Interest Material Litigation | Counterparties to Significant Agreements | x | | |
| Other Significant Parties-in-Interest Material Litigation | Credit Suisse | | | x |
| Other Significant Parties-in-Interest Material Litigation | Daeyang Shipping Co., Ltd. | x | | |
| Other Significant Parties-in-Interest Material Litigation | Dean Services Limited (HQ Lease) | x | | |
| Other Significant Parties-in-Interest Material Litigation | Deutsche Bank | | | x |
| Other Significant Parties-in-Interest Material Litigation | Diana Shipping Inc. | | x | |
| Other Significant Parties-in-Interest Material Litigation | DryShips Inc. | | x | x |
| Other Significant Parties-in-Interest Material Litigation | DVB Bank | | x | |
| Other Significant Parties-in-Interest Material Litigation | EDF Trading Limited | | | x |
| Other Significant Parties-in-Interest Material Litigation | Eurobank | | x | |
| Other Significant Parties-in-Interest Material Litigation | Eurobank EFG Private Bank Luxembourg S.A. | x | | |
| Other Significant Parties-in-Interest Material Litigation | Eurobank/Lux | x | | |
| Other Significant Parties-in-Interest Material Litigation | Garrets International Limited | x | | |
| Other Significant Parties-in-Interest Material Litigation | Genco Shipping & Trading Ltd. | x | | |
| Other Significant Parties-in-Interest Material Litigation | Glencore Grain Rotterdam B.V. | x | | |
| Other Significant Parties-in-Interest Material Litigation | Global Maritime Investments Cyprus LTD | x | | |
| Other Significant Parties-in-Interest Material Litigation | Global Maritime Investments Ltd | x | | |
| Other Significant Parties-in-Interest Material Litigation | Greg M. Zipes | x | | |
| Other Significant Parties-in-Interest Material Litigation | International Paint (Hellas) S.A. | x | | |
| Other Significant Parties-in-Interest Material Litigation | James Peck | x | | |
| Other Significant Parties-in-Interest Material Litigation | Jotun Hellas Limited | x | | |
| Other Significant Parties-in-Interest Material Litigation | Linda A. Riffkin | x | | |
| Other Significant Parties-in-Interest Material Litigation | Lorentzen & Stemoco & Sobelnord SA | x | | |
| Other Significant Parties-in-Interest Material Litigation | Macquarie | x | | |
| Other Significant Parties-in-Interest Material Litigation | Mansel Ltd., Bermuda (Vitol S.A. Geneva) | x | | |
| Other Significant Parties-in-Interest Material Litigation | Marfin Egnatia | x | | |

| Category | PIIL | No Connection | Prior Connection | Current Connection |
|---|---|:---:|:---:|:---:|
| | | | | |
| Other Significant Parties-in-Interest Material Litigation | Martin Glenn | x | | |
| Other Significant Parties-in-Interest Material Litigation | Michael Driscoll | x | | |
| Other Significant Parties-in-Interest Material Litigation | Nazar Khodorovsky | x | | |
| Other Significant Parties-in-Interest Material Litigation | NBG Bank | x | | |
| Other Significant Parties-in-Interest Material Litigation | Nippon Kaiji Kyokai | x | | |
| Other Significant Parties-in-Interest Material Litigation | Nomura | x | | |
| Other Significant Parties-in-Interest Material Litigation | Nomura International plc | x | | |
| Other Significant Parties-in-Interest Material Litigation | Nordea | x | | |
| Other Significant Parties-in-Interest Material Litigation | Paul K. Schwartzberg | x | | |
| Other Significant Parties-in-Interest Material Litigation | Richard C. Morrissey | x | | |
| Other Significant Parties-in-Interest Material Litigation | Robert Drain | x | | |
| Other Significant Parties-in-Interest Material Litigation | Robert Gerber | x | | |
| Other Significant Parties-in-Interest Material Litigation | Robertson Maritime Investors LLC (Christine Shipco LLC ) | x | | |
| Other Significant Parties-in-Interest Material Litigation | Sean Lane | x | | |
| Other Significant Parties-in-Interest Material Litigation | SeaStar Catering f/k/a Wrist Sea Catering | x | | |
| Other Significant Parties-in-Interest Material Litigation | Serene Nakano | x | | |
| Other Significant Parties-in-Interest Material Litigation | Shell Marine Products Limited | x | | |
| Other Significant Parties-in-Interest Material Litigation | Shelley Chapman | x | | |
| Other Significant Parties-in-Interest Material Litigation | Stuart Bernstein | x | | |
| Other Significant Parties-in-Interest Material Litigation | STX Pan Ocean Co., Ltd. | x | | |
| Other Significant Parties-in-Interest Material Litigation | Supplier Contracts | x | | |
| Other Significant Parties-in-Interest Material Litigation | Susan Golden | x | | |
| Other Significant Parties-in-Interest Material Litigation | Swap Counterparties (other sig. parties) | x | | |
| Other Significant Parties-in-Interest Material Litigation | TOTAL Lubrifiants S.A. | x | | |
| Other Significant Parties-in-Interest Material Litigation | Tracy Hope Davis | x | | |
| Other Significant Parties-in-Interest Material Litigation | Western Bulk PTE Ltd. Singapore | x | | |
| Other Significant Parties-in-Interest Material Litigation | Whitney Bank | | x | |
| Other Significant Parties-in-Interest Material Litigation | Wilhelmsen Ships Service AS | x | | |
| Largest Unsecured Creditors | Caramanos-National Insurance Brokers | x | | |
| Largest Unsecured Creditors | Cosco (Zhoushan) Shipyard Co, Ltd | x | | |
| Largest Unsecured Creditors | Cyprus Popular Bank Public Co. | x | | |
| Largest Unsecured Creditors | Diaplous Maritime Services | x | | |
| Largest Unsecured Creditors | Eurobank Efg Private Bank | x | | |
| Largest Unsecured Creditors | Evmar Marine Services Ltd | x | | |
| Largest Unsecured Creditors | Fuji Trading Co., Ltd. | x | | |
| Largest Unsecured Creditors | Hellenic Republic, Ministry of Finance | x | | |
| Largest Unsecured Creditors | I.S.T Marine & Offshore Supplies Pte Ltd | x | | |

| Category | PIIL | No Connection | Prior Connection | Current Connection |
|---|---|---|---|---|
| | | | | |
| Largest Unsecured Creditors | Imc Co Ltd (Ex I.H.I Marine Co Ltd) | x | | |
| Largest Unsecured Creditors | International Paints | | x | |
| Largest Unsecured Creditors | ISS Machinery Services | x | | |
| Largest Unsecured Creditors | Kristensons-Petroleum Inc | x | | |
| Largest Unsecured Creditors | Legero International (Holland) B.V. | x | | |
| Largest Unsecured Creditors | London Steam-Ship Owners' Lsso | x | | |
| Largest Unsecured Creditors | Luxembourg Sa | | | x |
| Largest Unsecured Creditors | Man Diesel & Turbo (Brach of Se) | | x | |
| Largest Unsecured Creditors | Marine Industry Mi S.A. | x | | |
| Largest Unsecured Creditors | Mes Technoservice Co Ltd | x | | |
| Largest Unsecured Creditors | North Of England | x | | |
| Largest Unsecured Creditors | Norwegian Claim/Coal Glory A.S. | x | | |
| Largest Unsecured Creditors | Norwegian Claim/Iron Man A.S. | x | | |
| Largest Unsecured Creditors | Norwegian Claim/Linda Leah A.S. | x | | |
| Largest Unsecured Creditors | O.W. Bunker Malta Ltd | x | | |
| Largest Unsecured Creditors | Ocean Energy Ltd | x | | |
| Largest Unsecured Creditors | Richshore Marine Supplies Ltd | x | | |
| Largest Unsecured Creditors | Total Lubrifiants S.A. | x | | |
| Largest Unsecured Creditors | Trans It Aps | x | | |
| Largest Unsecured Creditors | U.K. P+I Club | x | | |
| Largest Unsecured Creditors | Wilhelmsen (Barwill Unitor) Ships Service | | | x |

## Exhibit 3

### Professionals

1. Skadden Arps Slate Meagher & Flom LLP:  Has provided services in the past and is currently providing services.

2. Akin Gump: Has provided services in the past and is currently providing services.

3. Arias Fabrega & Fabrega:  Has provided services in the past.

4. Bracewell & Giuliani:   Has provided services in the past and is currently providing services.

5. Conyers Dill & Pearman:  Has provided services in the past.

6. Holland & Knight:  Has provided services in the past.

7. Hughes Hubbard:  Has provided services in the past and is currently providing services.

8. Kim & Chang:  Has provided services in the past.

9. McKool Smith:   Has provided services in the past.

10. Morgan & Morgan:  Has provided services in the past.

11. Morgan Lewis:  Has provided services in the past and is currently providing services.

12. Moses Singer:  Has provided services in the past.

13. Norton Rose:   Has provided services in the past.

14. Paul Weiss:  Has provided services in the past.

15. Rajah & Tann:   Has provided services in the past.

16. Thompson Hine:   Has provided services in the past.

17. Weil Gotshal:  Has provided services in the past.

18. Wilmer Cutler:  Has provided services in the past and is currently providing services.

**Exhibit 4**

**Litigation Parties**

1.  ABN AMRO Inc., ABN Amro Holding N.V and ABN AMRO Bank (Ireland) Ltd:  are co-defendants with, among others, EY LLP in actions pending in the United States District Court for the Southern District of New York (Case numbers:  09-2363; 08-cv-5523; 08 Civ. 11117).

2.  BNP Paribas:   is a co-defendant with, among others, EY LLP in an action pending in the United States District Court for the Southern District of New York (Case number: (08-cv-5523).

3.  Commerzbank Capital Markets Corp.:  is a co-defendant with, among others, EY LLP in actions pending in the United States District Court for the Southern District of New York (Case numbers: 08-cv-5523; Civ. No. 09-6041).

4.  Credit Suisse Securities (USA) LLC:  is a co-defendant with, among others, EY LLP in an action pending in the United States District Court for the District of Massachusetts (Master File No:  09-cv-12146).

5.  Deutsche Bank AG, Deutsche Asset Management (DAM): is a co-defendant with, among others, EY LLP in (a) a litigation pending in the Republic of the Philippines Regional Trial Court National Capital Judicial Region City of Makati Branch 150 (Civil Case No. 05-692); and (b) a litigation pending in the United States District Court for the Southern District of New York  (Master File No. 1:12-cv-07948).

6.  Fidelity Management Trust Company; Fidelity Capital Markets Services:  is a co-defendant with, among others, EY LLP in litigation pending in the United States District Court for the Southern District of New York  (Civ. No: 1:08cv5523 and Case No:  1:10-cv-8631).

7.  Goldman Sachs & Co: is a co-defendant with, among others, EY LLP in: (a) an action pending in the United States District Court for the District of Massachusetts (Master File No:  09-cv-12146) and (b) a litigation pending in the United States District Court for the Southern District of New York (Master File No. 1:12-cv-07948).

8.  JPMorgan Securities Inc; JP Morgan Chase and Co; J.P. Morgan Chase Bank, N.A; JP Morgan Chase & Company f/k/a Chase Manhattan Bank & Trust Company:   is a co-defendant with, among others, EY LLP in (a) an action pending in the United States District Court for the Southern District of New York (Case number:  09-2363); and (b) an action pending in the United States Court of Appeals for the Second Circuit (Case No: 12-0156).

9.  Lehman Brothers:  EY LLP is a co-defendant in matters pending in the United States District Court for the Southern District of New York where Lehman Brothers is not named but the officers and directors of Lehman brothers are named (Case Nos. 08-cv-

5523; 1:09-cv-6040; 1:09-cv-1944; 1:09-cv-1946; 1:09-cv-2363; 1:09-cv-3467; 1:09-cv-3474; 1:09-cv-3468; 1:09-cv-3475; 1:09-cv-3476; 121-civ-4278; 1:09-cv-3478; 1:09-cv-6652; 1:09-cv-6041; 1:09-cv-01238; 1:11-cv-09001; 11-civ-5112; 1:10-cv-8631; 1:2009cv07878; 1:2009cv07877; 10-cv-5617; 10-cv-6185; and 10-cv-5201).

2

# **<u>EXHIBIT B</u>**

## **Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                    :
In re:                                              :    Chapter 11
                                                    :
EXCEL MARITIME CARRIERS LTD., et                    :    Case No. 13-23060 (RDD)
al.,[1]                                              :
                                                    :
              Debtors.                              :    (Jointly Administered)
                                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ORDER UNDER 11 U.S.C. § 327(a), FED R. BANKR. P. 2014 AND 2016 AND L.B.R.
S.D.N.Y. 2014-1 AND 2016-1 AUTHORIZING THE
EMPLOYMENT AND RETENTION OF ERNST & YOUNG LLP AS
RESTRUCTURING SERVICE PROVIDER FOR THE DEBTORS,
*NUNC PRO TUNC* TO JULY 18, 2013**

Upon the Application (the "Application")[2] of the Debtors, for the entry of an order

(this "Order") under section 327(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016,

and Local Bankruptcy Rules 2014-1 and 2016-1, authorizing the retention and employment of

Ernst & Young LLP ("EY LLP"), as  restructuring service provider for the Debtors, *nunc pro*

---

[1] The Debtors and the last four digits of their taxpayer identification numbers are as follows: Excel
Maritime Carriers LLC (9430), Excel Maritime Carriers Ltd. (2212), Amanda Enterprises Limited (8034),
Barland Holdings Inc. (8057), Candy Enterprises Inc. (8053), Castalia Services Ltd. (8055), Centel
Shipping Company Limited (0861), Coal Gypsy Shipco LLC (2212), Coal Hunter Shipco LLC (2212),
Coal Pride Shipco LLC (2212), Fianna Navigation S.A. (8041), Fountain Services Limited (8054), Grain
Express Shipco LLC (2212), Grain Harvester Shipco LLC (2212), Harvey Development Corp. (8048),
Ingram Limited (8039), Iron Anne Shipco LLC (2212), Iron Beauty Shipco LLC (2212), Iron Bill Shipco
LLC (2212), Iron Bradyn Shipco LLC (2212), Iron Brooke Shipco LLC (2212), Iron Fuzeyya Shipco LLC
(2212), Iron Kalypso Shipco LLC (2212), Iron Knight Shipco LLC (2212), Iron Lindrew Shipco LLC
(2212), Iron Manolis Shipco LLC (2212), Iron Miner Shipco LLC (2212), Iron Vassilis Shipco LLC
(2212), Kirmar Shipco LLC (2212), Liegh Jane Navigation S.A. (8043), Lowlands Beilun Shipco LLC
(2212), Marias Trading Inc. (8036), Ore Hansa Shipco LLC (2212), Pascha Shipco LLC (2212), Point
Holdings Ltd. (NA), Sandra Shipco LLC (2212), Santa Barbara Shipco LLC (2212), Snapper Marine Ltd.
(8051), Tanaka Services Ltd. (8037), Teagan Shipholding S.A. (8045), Thurman International Ltd. (NA),
Whitelaw Enterprises Co. (8050), and Yasmine International Inc. (8046).  The address for Excel Maritime
Carriers LLC is 777 Westchester Avenue, Suite 101, White Plains, New York USA 10604 and the address
for all other Debtors is c/o Excel Maritime Carriers Ltd., 17th KM National Road Athens, Lamia & Finikos
Street, 145 64 Nea Kifisia, Athens, Greece.

[2] Capitalized terms not otherwise defined herein shall have the definitions ascribed to them in the
Application.

*tunc* to July 18, 2013; and the Court having reviewed the Application and the declaration of Ivan

R. Lehon in support of the Application (the "Declaration"); and the Court finding that EY LLP

does not hold or represent any interest adverse to the estates, that EY LLP is a "disinterested

person" as that term is defined under section 101(4) of the Bankruptcy Code and otherwise meets

the standards for retention under the Bankruptcy Code and applicable rules, and that EY LLP's

employment is necessary; and upon the First-Day Declaration; and due and sufficient notice of

the Application having been given under the particular circumstances; and it appearing that no

other or further notice is necessary except as provided herein; and it appearing that the relief

requested by the Application is in the best interests of the Debtors, their estates, their creditors,

and other parties in interest, and after due deliberation thereon; and good and sufficient cause

appearing therefor; it is hereby

### ORDERED, ADJUDGED, AND DECREED THAT:

1.       The Application is GRANTED as set forth herein.

2.       Pursuant to section 327(a) of the Bankruptcy Code, Bankruptcy Rules

2014 and 2016, and Local Bankruptcy Rules 2014-1 and 2016-1, the Debtors are authorized to

employ and retain EY LLP as their restructuring service provider, *nunc pro tunc* to July 18, 2013

in accordance with the Engagement Letter, which is hereby approved.

3.       EY LLP shall provide notice of any increases in its hourly rates to the

Debtors, the United States Trustee for the Southern District of New York, and the Court.

4.       EY LLP shall file applications for interim and final allowance of

compensation and reimbursement of expenses in accordance with sections 330 and 331 of the

Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the guidelines established

by the Office of the United States Trustee, and any applicable orders entered in these cases.

2

5.      The Debtors shall indemnify and hold harmless EY LLP pursuant to the

indemnification provision of the Engagement Letter and, during the pendency of these chapter 11

proceedings, subject to the following conditions:

(a)      all requests for payment of indemnity, contribution, or otherwise pursuant

to the indemnification provision of the Engagement Letter shall be made by means of a final fee

application and shall be subject to the approval of, and review by, the Court to ensure that such

payment conforms to the terms of the Engagement Letter, the Bankruptcy Code, the Bankruptcy

Rules, the Local Rules, and other orders of this Court and is reasonable based on the

circumstances of the litigation or settlement in respect of which indemnity is sought; provided,

however, that in no event shall EY LLP be indemnified or receive contribution to the extent that

any claim arose or expense has resulted for any such losses finally judicially determined by a

court of competent jurisdiction to have primarily resulted from the bad faith, self-dealing, breach

of fiduciary duty (if any), gross negligence, or willful misconduct of EY LLP;

(b)      in no event shall EY LLP be indemnified or receive contribution or other

payment under the indemnification provisions of the Engagement Letter if the Debtors or a

representative of the Debtors' estate asserts a claim for, and a court determines by a final order

that such claims primarily arose out of, bad faith, self-dealing, breach of fiduciary duty (if any),

gross negligence, or willful misconduct of EY LLP; and

(c)      in the event EY LLP seeks reimbursement of attorneys' fees from the

Debtors pursuant to the Engagement Letter, the invoices and supporting time records from such

attorneys shall be attached to EY LLP's own interim and final fee applications, and such invoices

and time records shall be subject to the United States Trustee guidelines for compensation and

reimbursement of expenses and the approval of the Bankruptcy Court under the standards of

3

section 330 of the Bankruptcy Code without regard to whether such attorneys have been retained

under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services

satisfy section 330(a)(3)(C) of the Bankruptcy Code.

6.      Notwithstanding any other provision of this Order or the Engagement

Letter to the contrary, if the Debtors retain EY LLP for services beyond the scope of services set

forth in the Restructuring Services SOW: (a) the Debtors shall file an expansion application

which sets forth any additions to the scope of services and (b) the Official Committee of

Unsecured Creditors may, in addition to any other right to object to such expansion application it

may have, object to any of the application of any of terms  of the MSA with respect to such

expanded scope of services as if the MSA was not previously approved by this Order.

Dated:   White Plains, New York
               _____, 2013


_____
UNITED STATES BANKRUPTCY JUDGE

4